BOYCE HARDWARE COMPANY, Plaintiff, *v.* CHARLES L. SAUNDERS, Defendant.

Supreme Court, Allegany County, September, 1922.

Negotiable instruments — joint promissory note — judgment entered against one maker on his confession is not bar to subsequent action against the other — execution on first judgment against truck owned jointly by confessing party and other maker — such execution does not authorize sale of the other maker's interest in the truck and he may counterclaim for the conversion of such interest.

Judgment — joint debtor — when judgment against one no bar to action against the other — Civ. Pr. Act, §§ 542, 1199.

Under section 1278 of the Code of Civil Procedure (Civil Practice Act, § 542) a judgment by confession against one joint debtor is not a bar to a subsequent action against other parties who are liable upon a joint obligation.

In an action against the makers of a joint promissory note the summons was not served upon one of them, the defendant herein, and no judgment was ever taken or entered in said action. Subsequently a judgment roll consisting solely of a confession of judgment in favor of plaintiff against the other joint maker for the amount then due and unpaid upon the note, the affidavit of said joint maker that the facts set forth in said confession were true, the bill of costs and the judgment, was duly filed and judgment duly entered and docketed in the proper county clerk's office in favor of plaintiff against said confessing debtor for the amount demanded together with costs and disbursements. Thereafter by virtue of an execution issued upon said judgment solely against the property of said confessing debtor the sheriff sold an auto truck owned jointly by the makers of the note and upon such sale a certain sum was realized by plaintiff. At the close of the evidence in the present action on the note against the non-confessing debtor, as sole defendant, a verdict was directed in favor of plaintiff for an amount computed by deducting the sum realized on the sale of the auto truck from the amount of the judgment entered on the confession of judgment. *Held*, that such computation overlooked the fact that by the terms of section 542 of the Civil Practice Act the defendant's interest in the auto truck was not subject to levy and sale under the execution by virtue of which it was sold, as the execution did not comply with section 1199 of the Civil Practice Act.

Deducting the value of defendant's interest in the auto truck from the amount of the verdict as directed, the verdict is corrected accordingly in plaintiff's favor.

A motion to set aside the verdict and to dismiss the complaint upon the contention that plaintiff's only remedy against defendant is an action to procure a judgment charging his property with the sum remaining unpaid on the judgment entered upon the confession of the other joint debtor as provided by sections 1185 and 1186 of the Civil Practice Act, denied on the ground that by the provisions of section 542 of the Civil Practice Act the confession of judgment was not a bar to the present action.

MOTION by defendant to set aside a verdict in favor of plaintiff, entered upon direction of the court, and to dismiss the complaint.

*Lee Fassett*, for plaintiff.

*Dickson & Dickson*, for defendant.

BROWN, J. March 22, 1920, the defendant and one Marion H. Saunders made and delivered to the plaintiff their certain promissory note dated that day whereby for value received they jointly promised to pay to the order of the plaintiff in six months thereafter at the Citizens National Bank of Wellsville, N. Y., the sum of $400. In August, 1921, the plaintiff commenced an action in this court against defendant and said Marion H. Saunders to recover upon said promissory note, the summons in which action was not served on this defendant. In September, 1921, said Marion H. Saunders duly executed a confession of judgment in favor of plaintiff against himself for the sum of $331.61, the amount then unpaid upon said note. The judgment roll, consisting solely of such confession, the affidavit of said Marion H. Saunders that the facts set forth in such confession were true, the bill of costs and the judgment, were duly filed and judgment duly entered

and docketed in the office of the clerk of Allegany county on the 5th day of October, 1921, in favor of plaintiff against said Marion H. Saunders for $331.61, plaintiff's debt, and $16.43, costs and disbursements, in all the sum of $348.04. Execution was issued upon this judgment solely against the property of Marion H. Saunders and $52 realized by the plaintiff upon the sale by the sheriff of an auto truck owned jointly by Marion H. Saunders and this defendant.

In March, 1922, plaintiff brought this action against defendant as sole defendant, the complaint alleging the making and delivery of the joint note above referred to, its non-payment except the sum of $100, and demands judgment against defendant for $313.93 and interest from October 21, 1920. Defendant answering alleges the commencement of the action in August, 1921, above referred to against Marion H. Saunders and this defendant; that judgment in said action was duly rendered and entered against Marion H. Saunders, execution issued, levy made and sale had of a motor truck owned jointly by defendant and Marion H. Saunders for $50 that was worth $300; that the execution did not have the name of this defendant indorsed thereon as a defendant not summoned; that the execution did not direct its collection out of the personal property owned by this defendant jointly with Marion H. Saunders; that the sale of defendant's one-half interest in such truck was a conversion thereof by the plaintiff.

At the close of the evidence a verdict was directed in favor of plaintiff against defendant for $296.04, being computed by deducting $52 from the amount of plaintiff's judgment against Marion H. Saunders of $348.04. It is now seen that an error was committed in directing a verdict for $296.04 in plaintiff's favor. Such computation overlooked the fact that defendant's interest in the truck was not subject to levy and sale under the execution against Marion H. Saunders. The statute making the joint property of joint debtors subject to levy and sale under an execution issued upon a judgment against one of the joint debtors expressly provides that it must be issued upon a judgment against all in form, specifying upon its face those not summoned; that the execution must direct levy and sale of property of defendant summoned, but it may be collected out of personal property owned by a defendant whose name is indorsed on the execution as not summoned jointly with the defendant summoned. The execution was issued upon the judgment entered by confession of Marion H. Saunders, and it is provided by section 544 of the Civil Practice Act that such a judgment may be enforced against property in the same manner and with the same effect as a judgment in an action rendered in the

Supreme Court, and each provision of law relating to a judgment in an action and the proceedings subsequent thereto apply to a judgment thus taken. It, therefore, follows that a proceeding to enforce plaintiff's judgment against Marion H. Saunders by a levy and sale of an interest owned by this defendant in property jointly with Marion H. Saunders, the execution authorizing such levy and sale, must have been issued as provided by section 1199 of the Civil Practice Act. By section 542 of the Civil Practice Act a judgment entered upon the confession of one joint debtor must be entered and enforced against those only who confessed it. By the terms of this section the interest of the defendant in the truck could not be sold upon an execution issued upon the judgment entered on the confession of Marion H. Saunders. The interest of defendant in the truck having been sold by plaintiff without any authority the plaintiff is answerable to the defendant therefor, and defendant is entitled to have the value of such interest applied upon the plaintiff's claim against him. Such value is $150. Deducting this sum from the $296.04 leaves the balance of $146.04 which is the sum owing plaintiff by defendant, and the verdict will be corrected as directed to be entered to the sum of $146.04.

The defendant's motion to set aside the verdict and to dismiss the complaint must be denied. The motion is based upon the contention that plaintiff's only remedy against defendant is an action to procure a judgment charging his property with the sum remaining unpaid on the judgment against Marion H. Saunders as provided by sections 1185 and 1186 of the Civil Practice Act; that the plaintiff having commenced an action against both Marion H. Saunders and this defendant on a joint liability and entered judgment in that action against Marion H. Saunders only, the original demand or debt has become merged in the judgment; that there is no debt of this defendant based on the promissory note and that plaintiff's only remedy is to proceed on the judgment against this defendant as provided by sections 1185 and 1186 of the Civil Practice Act; that the complaint not complying with those provisions it is insufficient and defendant must have judgment dismissing the same. The difficulty with the motion is two-fold: *First*, plaintiff has never taken or entered a judgment in the action commenced in August, 1921, wherein Marion H. Saunders was served and this defendant was not served. It did not appear upon the trial what has become of that action; it may have been discontinued; it certainly was not in that action that the judgment against Marion H. Saunders was entered. *Second*, by the provisions of section 542 the confession of the judgment by Marion

H. Saunders is not a bar to an action against this defendant on the original demand.

While it is true that section 542 of the Civil Practice Act provides that such a judgment is not a bar to an action against all the joint debtors upon the same demand, it has been held that section 1278 of the Code of Civil Procedure, containing the same language, did not require that the action to recover from a non-confessing judgment joint debtor must be brought " against all the joint debtors." *Harbeck* v. *Pupin*, 123 N. Y. 115. In that case three of four joint debtors confessed judgment which was held to be no bar to an action against the executor of the deceased fourth joint debtor upon the original demand. The precise point urged by defendant for the dismissal of the complaint was disposed of by the Court of Appeals as follows: " It is no doubt true that at common law the recovery of a judgment against a part of the members of a firm was a bar to an action against the rest on the same claim. In such a case the original claim was said to be merged in the judgment. (*Robertson* v. *Smith*, 18 Johns. 481; *Olmstead* v. *Webster*, 8 N. Y. 413; *Candee* v. *Smith*, 93 id. 351.) But the enactment of section 1278 of the Code of Civil Procedure has changed this rule by enacting that a judgment by confession against one joint debtor shall not bar a subsequent action against other parties who are liable upon a joint obligation. The learned counsel for the defendants insists that the present action is not within the terms of this section of the Code, because it is not an action against ' all the joint debtors ' nor indeed against any of them, but against the personal representatives of a deceased joint debtor, and further, that it is not ' upon the same demand,' but another which has been reduced by the payment of $3,000, the amount received upon the compromise. To adopt a construction so narrow and literal as this would be to practically nullify a remedial statute intended by the legislature to abrogate a harsh and technical rule of the common law that frequently operated to defeat a just claim. The statute was framed in general terms, and while this case may not be within the letter, it is within the intent of the law makers, and effect must be given to this intent, though not expressed, within the letter of the statute. * * * We think the Code has so far abrogated the rule of the common law that the judgment confessed by three of the partners is no bar to this action."

Plaintiff is entitled to the verdict of $146.04, as corrected, against defendant, and defendant's motion to set the same aside is denied.

**Judgment accordingly.**