Felice K. Shea, J.
In this action to recover legal fees for services rendered to A. C. Kluger & Co., a limited partnership, plaintiff named 13 defendants (the partnership and 12 general partners) in his summons, but effected service only upon A. C. Kluger & Co., Alan C. Kluger, Donald H. Moskin and Stanley Slobodien; A. C. Kluger & Co. and Alan C. Kluger defaulted. Moskin and Slobodien served an answer by mail on plaintiff and on eight codefendants containing a cross claim for contribution and/or indemnification. Thereafter, upon learning that plaintiff had served only four of the named defendants, Mos-kin and Slobodien personally served Alan C. Kluger, Bruce Hand, Howard Lorber, A. C. Kluger & Co., Isaac Mayer and Joel Hand with the following documents: plaintiff’s summons and complaint, the answer and cross claim of defendants Moskin and Slobodien for contribution and/or indemnification and plaintiff’s notice of trial. Defendants Joel Hand and Bruce Hand appeared and filed answers in this action, raising as an affirmative defense the court’s alleged lack of jurisdiction.
CPLR 3019 (subds [b], [d]) govern this situation and allow a cross claim to be asserted against a person alleged to be liable who is not a party. Naming Joel Hand and Bruce Hand in plaintiff’s summons did not make them parties. (Siskind v Levy, 13 AD2d 538.) However, personal service of a summons, complaint, and copy of the answer containing the cross claim is compliance with CPLR 1007 and CPLR 3012 and is "analogous to a third-party complaint in so far as the third person is concerned.” (3 Weinstein-Korn-Miller, NY Civ Prac, par 3019.18.) The court holds that Kluger, Lorber, Mayer, Bruce Hand, Joel Hand and the partnership A. C. Kluger & Co. are all defendants herein, to the extent of the cross claims against them.
Defendants Moskin and Slobodien contend that plaintiff is collaterally estopped from bringing this action by reason of a judgment by confession plaintiff entered against the partnership on October 28, 1974 for $10,000, based upon an affidavit of confession signed by Alan C. Kluger.
The confession of judgment is ineffective against the partnership and is valid only as to the private assets of the confessing partner and possibly against the confessing partner’s share of partnership income. (Partnership Law, § 20, subd 3, par [d]; CPLR 3218, subd [d]; Scanlon v Kuehn, 225 App Div 256.)
It follows that the confession of one partner who is a joint *1017 debtor will not bar an action against other joint debtors. The partners sued here, other than Kluger, are not bound by any fact underlying Kluger’s confession of judgment and there is no collateral estoppel. (Boyce Hardware Co. v Saunders, 119 Misc 365; Bloom v Kapps, 73 NYS2d 325.)
After trial without a jury, the court finds the following facts:
(1) A. C. Kluger & Co., a member of the New York Stock Exchange, terminated business in or about October, 1972. Under the terms of the partnership agreement, Alan C. Kluger was designated to wind up the affairs of A. C. Kluger & Co. and was given "the responsibility of liquidating its business, affairs, assets and liabilities.”
(2) Kluger’s authority included the authority to retain an attorney on behalf of the partnership to represent it in defense of a claim based upon transactions which occurred while the partnership was actively engaged in doing business. (Gates v Beecher, 60 NY 518; Matter of City of New York [Allen St.] 148 Mise 488, affd 239 App Div 775; 60 Am Jur 2d, Partnership, § 231.)
(3) Kluger retained plaintiff in May, 1974, to represent the partnership in an arbitration proceeding brought against it by L. M. Rosenthal Co., Inc., another member firm of the New York Stock Exchange, in which Rosenthal sought damages of $287,000.
(4) Plaintiff rendered legal services to A. C. Kluger & Co. at an agreed sum of $10,000 and performed legal services for which the reasonable value was at least $10,000.
The fact that one or more of the partners resigned from the partnership before plaintiff was retained does not insulate them from responsibility for the debts of the partnership, when, as here, the debt was incurred in the winding up of partnership affairs. Nor are defendants correct in arguing that since the arbitration proceeding was brought only against the partnership, they had no stake in its outcome. Had Rosenthal prevailed in the arbitration proceeding and had a judgment been entered and had the assets of the partnership been insufficient to satisfy the judgment (as would have been the case here), then Rosenthal could have brought suit against each of the general partners and each might have been jointly and severally liable. Clearly, plaintiff’s legal services affected the individual interests of all general partners of A. C. Kluger & Co.
*1018 Defendants’ other arguments lack merit. Their contention that plaintiff had no basis for expecting payment from partnership funds was controverted at trial. Plaintiff proved that he anticipated payment from funds held by the partnership’s clearing agent, Evans & Co., Inc., and that in 1974 he had received the sum of $3,650 against a fee of $5,000 owed for legal services rendered to the partnership in another matter.
Whether or not defendants Moskin and Slobodien ratified the retainer agreement at a meeting held in November, 1974, is only of tangential importance. Since Kluger had authority to bind the partnership when he retained plaintiff, no ratification was necessary. However, no evidence was adduced on the part of defendants Moskin and Slobodien that they objected at the November, 1974 meeting to plaintiff’s representation of the partnership. The only conflict in the testimony was as to whether or not plaintiff’s fee had been discussed.
The judgment by confession entered by plaintiff against A. C. Kluger & Co. on October 28, 1974 is vacated insofar as it purports to bind the partnership, but remains valid as á judgment for $10,000 against Alan C. Kluger! It is a bar to judgment by plaintiff against Kluger individually in this action.
Plaintiff is awarded judgment on his first cause of action for $10,000, plus interest, from June 1, 1974, as well as costs and disbursements, against A. C. Kluger & Co., Donald H. Moskin, and Stanley Slobodien. To the extent that assets of the partnership are available, they must be utilized to satisfy this judgment. Upon a showing that the partnership assets are nonexistent or so encumbered as to be unreachable, judgment may be entered against defendants Moskin and Slobodien. To the extent that Moskin and Slobodien are required to satisfy this judgment in whole or in part, either or both of them may make application to this court for leave to docket judgments for contribution against defendants Kluger, Lorber, Mayer, Bruce Hand and Joel Hand, against whom they validly cross-claimed. They may also, if they so choose, apply to enter a judgment for indemnification against A. C. Kluger & Co. All applications should be made on 10 days’ notice of motion.