# SUPREME COURT.

## JAMES H. ALLEN agt. JAMES SMILLIE.

An old declaration in debt for the penalty, a cognovit for that debt, and a judgment for the penalty of the debt, are now all unauthorized. Section 469 of the Code saves the old *rules* and *practice* of the court, when consistent with the act; but the *pleadings* are neither parts of the rules nor of the practice.

The entry of a judgment, on a *bond* and *warrant of attorney*, given prior to the Code, is provided for "by sections 382, 383 and 384, upon the plaintiff's filing such bond and warrant of attorney, and the statement signed and verified by himself in the form prescribed by § 382."

*Chapter* 3 *of title* 12, together with § 424 of the Code, abrogates, in effect, the old declaration in debt for a penalty, and the judgment for the penalty, and the power of any attorney to appear on an old bond and warrant of attorney, to confess such a judgment. It substitutes, as *the judgment-roll*, the original bond and warrant of attorney, and the statement required by the above chapter, and the *endorsement* by the clerk upon the *statement*, and his entry of a judgment for the amount confessed with costs; and that amount, by sub. 1 and 2 of § 383, is the amount "justly due"—not the *penalty.*

The *statement*, thus required, should show "concisely the facts out of which it (the amount due) arose." This requires a *true* statement of those facts.

An *omission* of the clerk of the court, or a slight omission of the attorney, when the proceedings are all correct in other respects, may be *amended nunc pro tunc*, even on a motion to set aside the proceedings. (*See* 3 *How. Pr. R.* 213.) But a departure in many material respects from the requirements of a statute, not by the clerk of the court only, but by the party and his attorney, should not meet with the same favor.

If one "in the race of diligence," in his haste, stumbles and falls, so that another, who observes the requirements of the law, reaches the goal before him, there is no good reason for preferring the violator of the law to the one who reverently observes it.

Whatever doubts may have existed as to the necessity of *notice*, before entering judgment on a bond and warrant of attorney, after a lapse of ten years, under the old system, is removed by the provisions of the Code, which apply by analogy, in requiring notice of a motion to issue an execution, after *five* years from the entry of judgment.

*New-York Special Term, March,* 1855.

MOTION to vacate judgment.

On the 16th of November, 1843, Smillie executed his bond to Allen, in the penalty of $10,000, conditioned for the pay-

ment of $3,000 and interest, on demand; and on the same day also executed a warrant of attorney to any attorney to confess judgment for him on that bond. On the 13th of November, 1854, affidavits were made by the subscribing witness to these instruments, proving them, and on the 3d of November the plaintiff made affidavit that the consideration for the *warrant of attorney* was land sold by him to one Peter Low, who gave to him a bond and mortgage for the payment of part of the pur-chase-money; that Smillie bought subject to that mortgage; and that the plaintiff commenced a foreclosure of the mortgage, and *the bond and warrant* of attorney were given in settlement of a balance *due on said bond and mortgage;* that the $3,000 and interest, from 16th of November, 1843, were still due, and no part of it paid; and that the plaintiff had, on that day, seen and conversed with the defendant, and that he was alive at 10 A. M. of that day.

On these papers the plaintiff made an *ex parte* application to the court, without any notice to the defendant, and obtained an order to enter up judgment, pursuant to the *direction contained in the warrant* of attorney, for the sum of $3,000 and interest from 16th of November, 1843. The plaintiff's attorney also made affidavit that the amount of the indebtedness, by the con-dition of the bond, was $5,309.

The plaintiff, on these papers, entered up judgment on the 16th of November, 1854, precisely in the old form of a judg-ment on a bond and warrant of attorney to confess judgment, filing a declaration in debt for $10,000, a cognovit, signed by an attorney, admitting that the defendant owes the $10,000, and a judgment for the plaintiff to recover the *said debt.* The judgment was signed by the judge on the 22d Nov.

It now appears that the bond and warrant of attorney were not given on settlement of a balance due on said bond and mortgage, but that that mortgage was reduced to $8,000, and a suit for a foreclosure of a subsequent mortgage, by defendant, carried on to a decree and sale, and that the plaintiff bought at such sale the land above-mentioned, subject to the $8,000, and so satisfied that mortgage; and the plaintiff, in reply to the

Allen agt. Smillie.

moving papers, makes his affidavit, that according to his recol-lection and belief, a judgment was entered in his favor against the defendant for the balance due to him; and that, on the 16th of November, 1854, this was arranged, and the judgment against the defendant released, and the bond and warrant of attorney for the $3,000 and interest given by the defendant; and that the $10,000 mortgage was never foreclosed, but was merged in the plaintiff's purchase.

It appears also that the plaintiff was advised by his counsel, that it was necessary, before entering judgment on the warrant of attorney, to show that the defendant was alive; that he called to ascertain that fact, and then, instead of stating his object, or demanding payment, or giving any notice of his intention, he told the defendant that happening in passing, while looking for another person, to see defendant's name on the door, he had looked in to see how defendant was. That an execution was issued and delivered to the sheriff, who never called on the de-fendant with it, and that thereupon summary proceedings were taken against the defendant.

The plaintiff argued that the judgment was regular, as it con-formed to the provisions of the Revised Statutes, and that those provisions were still in force

THOMAS FESSENDEN, *for motion.*
JOHN H. HULL, *opposed.*

MITCHELL, Justice. A declaration or complaint, plea, or answer, and the judgment thereon, belong to the class of plead-ings rather than of practice : the practice relates principally to the time and manner in which the pleadings and process are to be served or entered. A book of pleading is complete which does not mention the latter subjects; and a book of practice is complete which does not speak of the form in which a pleading or judgment is to be drawn. The Code (§ 140) abolished all forms of pleading theretofore existing, and declared that there-after the forms of pleadings in civil actions in courts of record, and the rules by which the sufficiency of the pleadings were to

Allen agt. Smillie.

be determined, were prescribed by that act. The old system of pleading was, therefore, repealed when it differed from the Code. An old declaration in debt for the penalty, a cognovit for that debt, and a judgment for the penalty of the debt, are now all unauthorized.

It was said § 469 saves the old rules and practice of the court when consistent with the act : it does—but the pleadings are neither parts of the rules nor of the practice.

There are two forms of judgment allowed under the Code : one when the action is by summons, and the other when it is by confession without action. Sections 382, 383, 384, apply to the last, if the confession is made since the Code took effect. But the codifiers also provided for the present case, where the bond and warrant of attorney were given before the 1st of July, 1848, when the Code first took effect, and prescribed the manner in which judgment should be entered in that case, namely, "in the manner provided by sections 382, 383, 384, upon the plaintiff's filing such bond and warrant of attorney, and the statement signed and verified by himself in the form prescribed by section 382." (Code, § 424.) They have thus expressly provided for the pleadings and the manner of entering judgment in this case, and made that express provision the rule, and so abolished any not conformable to it.

These sections form chapter 3 of title 12, and the first allows a judgment by confession in the manner prescribed by that chapter : then section 383 requires a statement in writing, to be signed by the *defendant*, and verified by *his oath*, stating the amount for which judgment may be entered, and authorizing the entry of judgment therefor ; second, stating concisely the facts out of which it arose, and that the sum confessed is justly due, or to become due. Section 384 requires this statement to be filed with the clerk of the court, whose duty it becomes to endorse upon it, and enter in the judgment-book, a judgment for the amount confessed, with $5 costs and disbursements ; and it declares that the statement and affidavit, with the judgment endorsed, shall thereupon become the judgment-roll, and execution may issue thereon.

Assuming that section 424 means to substitute the plaintiff in place of the defendant, in making the statement, and not to require his statement in addition to that of the defendant, there could not well be conceived a greater departure from the requirements of this chapter than this case presents.

This chapter, with section 424, abrogates, in effect, the old declaration in debt for a penalty, and the judgment for the penalty, and the power of any attorney to appear on an old bond and warrant of attorney to confess such a judgment. It substitutes as *the judgment-roll* the original bond and warrant of attorney, and the statement required by the above chapter, and the *endorsement* by the clerk upon the *statement*, of a judgment for the amount confessed, with costs ; and that amount by subdivisions 1 and 2 of section 383, is the amount "justly due,"— not the penalty.

The statement thus required should show "concisely the facts out of which it (the amount due) arose." This requires a *true* statement of those facts. The plaintiff's statement, as filed, alleges the inducement to the giving of the warrant of attorney to have been a suit commenced by him to foreclose a mortgage of $10,000, and a settlement of the amount due on that mortgage. His own allegation now is, that this was a mistake, arising from his haste, and that that mortgage was merged in a purchase made by him, and that the indebtedness was a balance on another mortgage given by the defendant. These are two entirely different causes of action ; and the statement on file is not true, and so does not comply with the Code, and cannot sustain the judgment.

The chapter quoted requires the judgment to be for the amount justly due. This is for nearly double that amount. It requires the judgment to be endorsed on the statement, and entered in the judgment-book. It was not endorsed on the statement, and it does not appear that any entry of it was made in the judgment-book. The order of the court was to enter judgment for the $3,000 and interest, but it was entered for the penalty.

An omission of the clerk of the court, or a slight omission of

Allen agt. Smillie.

the attorney, when the proceedings are all correct in other re-spects, may be amended *nunc pro tunc*, even on the motion to set aside the proceedings. (*Wright* agt. *Alden*, 3 *How. Pr. R.* 213.) But a departure in many material respects from the re-quirements of a statute, not by the clerk of the court only, but by the party and his attorney, should not meet with the same favor, especially when there was a ready opportunity to give notice to the opposite party of the motion for judgment, and that was designedly avoided. That the defendant may dispose of his property if notice were given to him, is no reason for a different rule.

If the defendant would honestly prefer another creditor, and the law allows it, the court should not, by aiding an irregular course on the part·of the plaintiff, defeat this right of the de-fendant. As well might it give judgment, in the first instance, without a summons being issued, when the defendant would not confess judgment, and then, from the same motive, let a sum-mons, served afterwards, retrospect so as to save the judgment. If one "in the race of diligence," as it is sometimes called, in his haste, stumbles and falls, so that another, who observes the requirements of the law, reaches the goal before him, there is no good reason for preferring the violator of the law to the one who reverently observes it. If the fear was, that the defend-ant would fraudulently transfer his property, the law affords a remedy against such an act, and the plaintiff should trust in it.

The judgment was irregular, even according to the old prac-tice. The judgment-roll was signed by a judge of the court, and not by the clerk. The judiciary act required all records of judgments and enrolments of decrees to be signed by the *clerk* of the court filing the same, without any fee or charge therefor. (*Laws* 1847, *p.* 335, *ch.* 280, § 53; *and see Manning* agt. *Guyon*, 1 *Code Rep. N. S.* 43.)

The question was argued, also, whether it was not necessary to give the defendant notice of the motion, to enter judgment, when the warrant of attorney was over ten years old. Justice BRONSON expressed himself inclined to the opinion that it was

necessary. (*Manufacturers, &c., Bank of Philadelphia* agt. *St. John,* 5 *Hill,* 499.)    *Graham,* in his *Practice,* (*p.* 774,) is of the same opinion.

Under our present system, by analogy, notice should be necessary, even when the bond and warrant are but five years old.    A judgment is of much higher order, as evidence of debt, than a bond and warrant of attorney; and by the Code, (§ 284,) after the lapse of five years from the entry of judgment, an execution can be issued only by leave of the court, upon motion, with *personal* notice to the adverse party, unless he be absent, &c.    This is on the principle, that after five years the defendant is not to have an execution issue against him, without an opportunity to show why it should not issue, and is applied even after judgment against him; much more should he have this opportunity when no judgment is yet obtained.    If no notice be required in these cases, before judgment is entered, then the plaintiff, who has delayed ten years and over to enter judgment, may issue execution without notice, when one who had obtained the record-evidence of his claim cannot do so. Whatever doubt may have existed as to the necessity of notice before entering judgment on a bond and warrant of attorney, after a lapse of ten years under the old system, is removed by this provision.    (*See also Currie* agt. *Noyes,* 1 *Code Rep. N. S.* 198.)

The judgment and all subsequent proceedings are set aside, with $10 costs of motion.