UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent, *v.* GEORGE H. SHICKLER and Others, Appellants.

Fourth Department, December 2, 1921.

**Judgments — judgment by confession cannot be entered under power of attorney — Code of Civil Procedure, §§ 1273–1275, applied.**

Under sections 1273–1275 of the Code of Civil Procedure a judgment by confession can be entered only on a statement signed and verified by the defendant; it cannot be entered on a statement signed and verified by one of plaintiff's attorneys pursuant to a power of attorney contained in an indemnity bond, and a judgment so entered will be vacated and set aside.

APPEAL by the defendants, George H. Shickler and others, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 3d day of June, 1921, denying defendants' motion to vacate and set aside the judgment by confession in favor of the plaintiff. The judgment was entered upon a statement verified by one of the plaintiff's attorneys and pursuant to a power of attorney contained in an indemnity bond.

*Saperston, McNaughtan & Saperston* [*Daniel N. McNaughtan* of counsel], for the appellants.

*Love & Keating,* for the respondent.

HUBBS, J.:

Section 1273 of the Code of Civil Procedure prescribes that " a judgment by confession may be entered, without action, * * * as prescribed in this article." Section 1274 reads: " A written statement must be made, and signed by the defendant, to the following effect." Then follow the provisions as to what the statement must contain. The section then reads: " The statement must be verified by the oath of the defendant, to the effect, that the matters of fact therein set forth are true." Section 1275 provides: " At any time within three years after the statement is verified, it may be filed with the county clerk of the county of which the defendant was a resident at the time of making such statement." The section then provides that the clerk must thereupon enter judgment, etc. These sections are a re-enactment of sections 382, 383 and 384 of the Code of Procedure, in substance.

Since the Code of Procedure went into effect there has never been a case reported in this State, that we have been able to find, where a judgment was entered by confession under a power of attorney except the case of *Allen* v. *Smillie* (12 How. Pr. 156). In that case the power of attorney was executed before the Code of Procedure went into effect.

We have been unable to find a case which states that a judgment by confession may be entered in this State under a power of attorney since the Code of Civil Procedure went into effect except the case of *Teel* v. *Yost* (128 N. Y. 387). The statement of Chief Judge RUGER in that case was *obiter dicta,* and if he meant to say that at that time a judgment by confession could be entered under a power of attorney, his statement has not been adopted as a correct statement of the law of the State upon that point by any subsequent decision which has been reported, and it has not been so understood by the members of the profession.

The only authority for entering a judgment by confession which existed in this State at the time the judgment in question was entered was contained in the provisions of the Code of

Civil Procedure above referred to, which required the statement to be signed by the defendant and verified by him and which provided in detail for the facts to be set forth in such statement. No such statement was filed in this case, and the judgment was entered without jurisdiction and should be set aside.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.