P. A. STARCK PIANO COMPANY, Appellant, *v.* JOHN V. O'KEEFE and Another, Respondents.

First Department, February 20, 1925.

Judgments — judgment by confession — judgment by confession, entered prior to amendment to New York City Municipal Court Code, § 6, subd. 3, by Laws of 1924, chap. 564, was validated by said act — confession of judgment by attorney in fact invalid under Civil Practice Act, §§ 540–545, and will be vacated — no action pending on confession of judgment — court did not have power on vacating judgment to provide for defense to action.

A judgment of the Municipal Court of the City of New York entered on confession prior to the amendment of subdivision 3 of section 6 of the New York City Municipal Court Code, by chapter 564 of the Laws of 1924, which amendment conferred jurisdiction upon the Municipal Court to render judgment on confession without an action, was validated by said chapter 564.

A judgment entered on the confession of an attorney in fact for the defendants is invalid under sections 540–545 of the Civil Practice Act, for the Civil Practice Act does not provide for a confession by an attorney in fact.

Accordingly, a judgment entered against the defendants on a conditional sale contract by the confession of the attorney in fact, purporting to act under a provision in the contract, authorizing any attorney of a court of record to confess judgment against the vendee, should be set aside where, while the confession was ostensibly made by the judgment debtors' attorney in fact, the person confessing judgment was actually the attorney for the conditional sale vendor, and the statement upon which the confession was founded was not verified by defendants or either of them as required by the provisions of the Civil Practice Act.

On the confession of judgment there was no action pending before the court, and, therefore, it was error for the court in vacating the judgment to grant the judgment debtor leave to file an answer within five days; the judgment should have been vacated merely.

APPEAL by the plaintiff, P. A. Starck Piano Company, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 18th day of November, 1924, affirming an order of the Municipal Court of the City of New York, Borough of Manhattan, Fourth District, vacating a judgment by confession in behalf of the defendants and granting defendants leave to file an answer.

*Samuel Weinstein,* for the appellant.

*Max Steinert,* for the respondents.

DOWLING, J.:

The statement for the judgment by confession entered herein shows that on February 5, 1924, respondents John V. O'Keefe and Margaret O'Keefe executed a conditional sales agreement providing for the payment of $550 for a certain piano purchased by them from appellant, and which was to be paid for in installments. The agreement contained the following provisions: "And to secure the payment of said amount hereby authorize irrevocably, any attorney of any Court of Record to appear for us in such Court, in term time or vacation, at any time hereafter, and confess a judgment, without process, in favor of the holder of this Agreement, for such amount as may appear to be unpaid thereon, together with costs and Twenty-five dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof."

On April 23, 1924, judgment by confession was entered in the Municipal Court, borough of Manhattan, Fourth District. This was based on a statement for judgment made and verified by Samuel Weinstein, as attorney for the respondents. His verification of the statement is in the following terms: " That he is the attorney for John V. O'Keefe and Margaret O'Keefe, defendants above named and that the matters of fact set forth in the above statement are true as deponent is informed and verily believes. That the sources of deponent's knowledge and the grounds of his belief are the original agreement annexed to the foregoing statement and conversations and communications had with the agents of P. A. Starck Piano Co., the above named plaintiff."

This same attorney is the attorney for the appellant herein, and obviously was really its attorney when the statement was verified. He sets forth therein that respondents had failed to make payment of an installment due under the contract on March 5, 1924, amount-

ing to fifteen dollars, and that by reason of such default appellant had declared the whole amount then remaining unpaid due and payable forthwith. Judgment was entered in the sum of five hundred and twenty-five dollars, with one dollar costs and disbursements.

Thereafter respondents obtained an order to show cause " why the inquest and judgment in favor of the plaintiff heretofore rendered herein by default, should not be vacated and set aside, and the defendants allowed to come in and defend upon the merits, and this cause restored to the calendar of this court for trial."

The Municipal Court thereafter made an order to the effect that " Judgment entered on confession is vacated and defendant given leave to file an answer within five days. The Municipal Court has jurisdiction to entertain an equitable defense, such as defendant claims to have. In the interest of justice, the defendants should be given an opportunity to try out its [their] defense."

Upon appeal to the Appellate Term the order was affirmed November 18, 1924, an accompanying memorandum stating: " There was no action and as the judgment was entered prior to the amendment taking effect May 1, 1924, the court had no jurisdiction to enter it ( *Karlin* v. *Pooley*, 122 Misc. 463)."

But while chapter 564 of the Laws of 1924, by amendment of section 6, subdivision 3, of the New York City Municipal Court Code (Laws of 1915, chap. 279, as amd.), conferred jurisdiction upon the Municipal Court " to render judgment on confession, without an action," it further provided:

" § 2. All judgments heretofore rendered in such court on confession, without action, are hereby validated, ratified and confirmed, and all such judgments as of the date of rendering the same shall be valid and enforceable judgments of such court."

But there is a basic defect in the statement for judgment herein which invalidates the judgment entered thereon. The entry of judgments by confession is regulated by sections 540 to 545, inclusive, of the Civil Practice Act.

Section 541 provides:

" Statement by defendant. A written statement must be made and signed by the defendant to the following effect:

" 1. It must state the sum for which judgment may be entered and authorize the entry of judgment therefor.

" 2. If the judgment to be confessed is for money due or to become due, it must state concisely the facts out of which the debt arose; and must show that the sum confessed therefor is justly due or to become due.

" 3. If the judgment to be confessed is for the purpose of securing the plaintiff against a contingent liability, it must state concisely

the facts constituting the liability; and must show that the sum confessed therefor does not exceed the amount of the liability.

" The statement must be verified by the oath of the defendant to the effect that the matters of fact therein set forth are true."

Section 542 provides:

" Confession by joint debtors. One or more joint debtors may confess a judgment for a joint debt due or to become due. Where all the joint debtors do not unite in the confession, the judgment must be entered and enforced against those only who confessed it; and it is not a bar to an action against all the joint debtors upon the same demand."

The sources of sections 541 and 542 of the Civil Practice Act are sections 1274 and 1278 of the Code of Civil Procedure. In *United States Fidelity & Guaranty Co.* v. *Shickler* (199 App. Div. 74) Mr. Justice HUBBS said:

" Since the Code of Procedure went into effect there has never been a case reported in this State, that we have been able to find, where a judgment was entered by confession under a power of attorney except the case of *Allen* v. *Smillie* (12 How. Pr. 156). In that case the power of attorney was executed before the Code of Procedure went into effect.

" We have been unable to find a case which states that a judgment by confession may be entered in this State under a power of attorney since the Code of Civil Procedure went into effect except the case of *Teel* v. *Yost* (128 N. Y. 387). The statement of Chief Judge RUGER in that case was *obiter dicta,* and if he meant to say that at that time a judgment by confession could be entered under a power of attorney, his statement has not been adopted as a correct statement of the law of the State upon that point by any subsequent decision which has been reported, and it has not been so understood by the members of the profession.

" The only authority for entering a judgment by confession which existed in this State at the time the judgment in question was entered was contained in the provisions of the Code of Civil Procedure above referred to, which required the statement to be signed by the defendant and verified by him and which provided in detail for the facts to be set forth in such statement. No such statement was filed in this case, and the judgment was entered without jurisdiction and should be set aside."

The present case demonstrates how salutary are the provisions in question of the Civil Practice Act and its predecessors in the Code of Civil Procedure. Here is a judgment by confession entered ostensibly by the attorney for the defendants, though he is in fact the attorney for the plaintiff. His verification of the statement for

judgment is based on the original agreement, and on conversations and communications with the agents of the plaintiff. But he does not claim to have ever conferred with the defendants, or to have had any conversations or communications with them, or to have obtained their version of the transaction. In fact they contest any liability on the agreement and contend: " In making delivery of the piano the plaintiff's employees were compelled to and did take the piano apart in order to get it into the apartment, and in so doing did it in such an unskillful and unworkmanlike manner that the same was damaged and injured beyond repair, wherefor plaintiff agreed to deliver another piano in its stead, but has failed to do so, and has frequently promised to send for this one."

The court having been without jurisdiction to enter the judgment in question because the statement upon which it was founded was not verified by defendants, or either of them, the judgment was properly vacated and set aside. But as there was no action pending in the Municipal Court, there was no complaint which defendants were called upon to meet, and no occasion for their interposing a defense.

The determination and order appealed from should, therefore, be modified so as to provide simply that the judgment entered on confession is vacated, annulled and set aside, and as so modified they should be affirmed, with ten dollars costs and disbursements to respondents.

CLARKE, P. J., MERRELL, MCAVOY and BURR, JJ., concur.

Determination of the Appellate Term and the order of the Municipal Court modified so as to provide simply that judgment entered on confession be vacated, annulled and set aside, and as so modified the determination and order affirmed, with ten dollars costs and disbursements to the respondents.