Thomas F. Scanlon, Respondent, *v.* Frank Kuehn, Defendant, and Charles Metz, Appellant, Trading as Kuehn & Metz.

Second Department, February 4, 1929.

*Bernard I. Kamen* [*Sol S. Ostertag* with him on the brief], for the appellant.

*Jack Lewis Kraus II* [*Edward B. Levy* with him on the brief], for the respondent.

Carswell, J. The plaintiff on July 30, 1927, obtained a judgment against Frank Kuehn and Charles Metz, trading as Kuehn & Metz, for $3,475.55, in a court of record, the Court of Common Pleas, Hamilton county, O. He sued upon that Ohio judgment in

the Supreme Court of this State, making personal service upon the defendant Charles Metz. Metz denied the allegations of the complaint and set up as a first defense that no summons or other process was ever served upon him in the Ohio action and that neither himself nor the other defendants were ever residents of the State of Ohio; that they were at all times residents of the State of New York. He further alleged that he never appeared in person or by attorney or authorized any appearance on his behalf in the Ohio action. As a second defense he alleged that, subsequent to the date of the execution of the note which is the basis of the Ohio action, he and the other defendants were discharged in bankruptcy of all their debts, including the indebtedness referred to in the complaint.

The plaintiff moved for summary judgment. He annexed to his moving affidavit exemplified copies of the Ohio judgment, and the entry thereof, upon which the complaint herein is founded. The Ohio judgment is based upon a note for $2,100, to which there was attached an authorization to confess judgment, empowering an attorney to appear for that purpose. The note is dated April 22, 1916, city of Columbus, State of Ohio, with a due date of one month thereafter. It purports to be signed by Kuehn & Metz under seal and by Frank Kuehn under seal. It contains a provision: " We, any or either of us, hereby authorize and empower any attorney at law to appear for us, any or either of us, in an action on the above note at any time after the same becomes due, as herein provided in any court of record in or of this State or elsewhere, to waive the issuing and service of process against us, * * * confess judgment in favor of the legal holder of the above note against us, any or either of us, for the amount due with interest provided and cost of suit * * *."

The judgment which ensued some eleven years later in the State of Ohio includes interest for that period. Plaintiff's affidavit also shows that in the schedule of bankruptcy in proceedings under which the defendant Metz was adjudicated a bankrupt there was no listing of this note or any mention of the payee, Lindenberg, or the indorsee, Motor Securities Company, or the plaintiff; that the plaintiff had no knowledge of said bankruptcy; that, therefore, the debt, which is the basis of the judgment, was not discharged.

The defendant Metz does not submit in his affidavit any evidentiary facts to sustain the defense which is founded upon the bankruptcy adjudication. Without giving the date of the bankruptcy adjudication, he asserts that since the adjudication was subsequent to the date of said note the effect of that adjudication was to terminate the authority of his former partner, Kuehn, to do any

act in respect of the copartnership, and that, therefore, on that ground, the confession of judgment would be ineffectual to sustain the Ohio judgment. This disregards the fact that the act of the partner in signing the note had been performed before the adjudication took place.

Metz does, however, submit evidentiary matter with respect to the first defense. He does not submit any affidavit from Kuehn, who seems to have been his former partner. Metz asserts that he never signed the note which is the basis of the Ohio judgment and that he never authorized any appearance to be made for him. He further states that neither he nor his firm had any occasion to sign such a note and that neither got anything of value from Lindenberg or anybody else under it. Metz further states that he has been a resident of New York city for thirty-two years and never lived in Ohio, and that he never received any notice personally or by mail of the suit in Ohio. These latter evidentiary statements raised questions of fact upon which the defendant Metz was entitled to a trial. They, therefore, precluded the granting of the motion for summary judgment which the plaintiff herein has obtained.

There is involved herein a question of law which is not free from difficulty. It is conceded that the note upon which the Ohio judgment is founded was not signed by the defendant Metz. It is undisputed that the defendants Metz and Kuehn were residents of New York State and not of Ohio, although the note purports to be an Ohio contract. The note was apparently signed in New York by F. Kuehn individually and also by Kuehn in the name of Kuehn & Metz. The law in this State seems to be that a confession of judgment made by a partner on behalf of a partnership is valid only as to the partner confessing and can affect only that partner's individual property and his interest in the partnership effects. (*Crane* v. *French*, 1 Wend. 311; *Everson* v. *Gehrman*, 10 How. Pr. 301; 34 C. J. 101; 30 Cyc. 518; Partnership Law, § 20, subd. 3, ¶ d.) Therefore, the note upon which the Ohio judgment is based, not having been executed by the defendant Charles Metz, may not be the basis of a judgment against Metz personally so far as his individual property is concerned nor against him personally so far as his interest in the partnership assets is concerned. Metz is entitled to assert that the Court of Common Pleas in Ohio obtained no jurisdiction over him personally upon an instrument which he did not execute, even though it was executed in a firm name by a partner of Metz and also executed in the individual name of that partner. No rule of law bars him from asserting that fact by way of establishing that the foreign judgment is invalid as to him. A judgment of a court of another State having jurisdiction is entitled to the

benefit of the presumption of jurisdiction which exists in favor of judgments of our own courts, but the want of jurisdiction may be shown by extrinsic evidence, and the recital in the foreign judgment that the defendant was served or appeared by attorney, or of other jurisdictional facts, is not conclusive. The rule that a judgment founded upon an unauthorized appearance cannot be attacked collaterally applies only to judgments recovered in the courts of this State. It does not apply to foreign judgments. (*White* v. *Glover*, 138 App. Div. 797; *Teel* v. *Yost*, 128 N. Y. 387.)

In *Teel* v. *Yost* (*supra*) the judgment sued upon had been obtained by confession in a court of general jurisdiction in Pennsylvania. The instrument which was sued upon, however, had been executed by the defendant and both parties to the note resided in Pennsylvania. In the instant case the defendants Metz and Kuehn did not and do not reside in Ohio, where the judgment upon a confession was entered. If the defendant Metz had been a resident of the State of Ohio, a different situation would prevail. That State would then be entitled by statute to provide that Metz was bound by the instrument sued upon, even though not executed by him, to the extent of having the instrument given effect to bind Metz, as a resident, to the authorization set out in the instrument, even though executed by Kuehn individually and on behalf of the partnership. The State of Ohio, however, would have no constitutional power so to provide by statute with respect to a non-resident. That would not be due process. The principle that is involved is the same as or similar to the one involved in substituted service. A State may provide for substituted service with respect to its residents even though there be no jurisdiction *in rem* so as to evolve a judgment *in personam*, but it cannot provide for substituted service with respect to non-residents unless there be jurisdiction *in rem* to sustain substituted or published service of process.

The judgments of a court of record of a foreign State may be attacked collaterally for want of jurisdiction (*Smith* v. *Central Trust Co.*, 154 N. Y. 333, 338), but the burden of proof as to the want of jurisdiction is upon the defendant, who must allege it. (*Rice* v. *Coutant*, 38 App. Div. 543.) The defendant Metz, however, has sustained that burden. The presumptive effect of the judgment sued upon by the plaintiff for the purposes of this motion is overcome by his denial that he ever was personally served, and by his assertion that the judgment note sued upon was not executed by him and not binding upon him, and, therefore, the ostensible authority to appear for him, contained therein, is of no effect.

The plaintiff claims, however, that the defendant Metz was required, as part of his burden, to show that the laws of the State

of Ohio did not authorize his being cast in damages even though the note or confession of judgment was not executed by him in person and that the execution of that confession of judgment by Kuehn individually and in the firm name did not, under the Ohio statutes, authorize a judgment against Metz personally. The claim is made, although the statute is not before us, that an Ohio statute does authorize the binding of the interest of a partner in a partnership estate and the individual estate of such partner in a note and under a confession of judgment, although not signed by him but merely signed by his partner. I do not think that the burden is upon the defendant in that regard. Assuming that it was, he was entitled to rely upon the presumption that the law of Ohio is the same as the law of this State. In any event, such a statute in the State of Ohio would not be binding upon the defendant as a non-resident, he being a resident of New York State, for the reason already adverted to, that the due process clauses of the State and Federal Constitutions would not be complied with by a statute of Ohio seeking to bind a non-resident with respect to jurisdiction *in personam* upon the act of another individual, to wit, his partner, with respect to a confession of judgment or a note containing such. (State Const. art. 1, § 6; U. S. Const. 14th Amendt. § 1; *Pennoyer* v. *Neff*, 95 U. S. 714; *Twining* v. *New Jersey*, 211 id. 78; *Continental National Bank* v. *U. S. Book Co.*, 143 N. Y. 648, affg. on opinion below, *sub nom. Continental National Bank* v. *Thurber*, 74 Hun, 632; *Grubel* v. *Nassauer*, 210 N. Y. 149.) Treating the note as an Ohio contract because of the date line (*Chemical Nat. Bank* v. *Kellogg*, 183 N. Y. 92), the statute of Ohio, as part of the contract, would be ineffectual to confer jurisdiction *in personam* as against this defendant where he was not served with process and where the substitute for that is a paper which was not executed by him but was executed by an alleged partner in that partner's individual name and in the firm name. A statute having such an effect would be valid only as to residents of the State of Ohio.

The order granting the motion for summary judgment, and the judgment entered thereon, should be reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion for summary judgment denied, with ten dollars costs, for the reason that there are questions of fact respecting a validly pleaded defense upon which the defendant Metz is entitled to a trial. The appeal from the order on the motion to strike out affidavit of Thomas F. Scanlon should be dismissed, without costs.

LAZANSKY, P. J., YOUNG, KAPPER and SEEGER, JJ., concur.

Order granting motion for summary judgment, and judgment entered thereon, reversed upon the law and the facts, with ten

dollars costs and disbursements, and motion for summary judgment denied, with ten dollars costs, for the reason that there are questions of fact respecting a validly pleaded defense upon which the defendant Metz is entitled to a trial. Appeal from order on motion to strike out affidavit of Thomas F. Scanlon dismissed, without costs.