BALDWIN BUILDING AND LOAN ASSOCIATION, Plaintiff, *v.* EUGENE KLEIN, Defendant.

Supreme Court, New York County, March 25, 1930.

*Clarke, Allen, Harper & Matthews,* for the motion.

*Morris & Samuel Meyers,* opposed.

VALENTE, J. This motion for summary judgment is based upon a judgment by confession contained in a bond executed in Pennsylvania. The latter incorporated a printed warrant or power of attorney authorizing any attorney to confess judgment against the defendant. Thereafter a judgment was entered against the defendant under that warrant in the courts of Pennsylvania, upon an appearance on the part of a firm of attorneys presumably designated by the plaintiff under authority of the power of attorney, and without personal service upon the defendant. Under the laws of Pennsylvania, such a confession of judgment is perfectly valid, and the only question is whether it is effective here against a

resident of the State of New York, and whether an action on it may be brought in this State. The leading case on the subject is *Teel* v. *Yost* (128 N. Y. 387), in which the court sustained a judgment by confession entered under a power of attorney without personal service. The judgment there was obtained in Pennsylvania against one who was a resident of that State, and the action in New York was upon that judgment. The court held that, notwithstanding the fact that a confession of judgment under section 1274 of the Code of Civil Procedure, now section 541 of the Civil Practice Act, had been entered in Pennsylvania, in a form not sanctioned under our law, nevertheless full faith should be given to that judgment here.

In *Scanlon* v. *Kuehn* (225 App. Div. 256) the court refused to enter a judgment in which the power to confess had been granted by one member of the copartnership, holding that, in an action against the other copartner, the power to confess was unavailable. This decision was arrived at, notwithstanding the fact that, under the laws of Pennsylvania, such a power granted bound the partner who had not joined. The court implied that, if the defendant against whom the judgment had been entered had been a resident of the State in which such a judgment was sanctioned, it would have extraterritorial effect, and an action upon such a judgment would be effective. We note in the *Scanlon* case an attempt to distinguish the case of *Teel* v. *Yost*, and possibly to imply that, unless the person against whom the confession by power of attorney was obtained, was a resident of the State at the time, the courts of our State would not recognize it as a judgment obtained *in personam*.

In *Mayer* v. *Raudenbush* (217 N. Y. 633) a Pennsylvania judgment entered upon confession by power of attorney was recognized as valid in New York, the court affirming the Appellate Division (154 App. Div. 937) in a memorandum decision based upon a citation of *Teel* v. *Yost* (*supra*) as authority. The record on appeal in that case does not reveal whether the defendant was a resident of Pennsylvania or of New York, the question of residence at the time of judgment not being mentioned either in the pleadings or in the evidence.

If the defendant were a resident of Pennsylvania, or had been one at the time of the execution of the power of attorney, I should not hesitate to grant the relief asked for. There are, however, certain observations in *Starck Piano Co.* v. *O' Keefe* (211 App. Div. 700), which make it doubtful whether plaintiff is entitled to relief. In that case Mr. Justice Dowling, now presiding justice, condemned as illegal the method of entering a confession of judg-

ment by power of attorney. He also cited certain observations made by Mr. Justice HUBBS in *U. S. Fidelity & Guaranty Co.* v. *Shickler* (199 App. Div. 74), in which certain comments in *Teel* v. *Yost* (*supra*) were termed *obiter dicta.* The language of Mr. Justice HUBBS, quoted in the *Starck* case, is as follows: " Since the Code of Procedure went into effect there has never been a case reported in this State, that we have been able to find, where a judgment was entered by confession under a power of attorney, except the case of *Allen* v. *Smillie* (12 How. Pr. 156). In that case the power of attorney was executed before the Code of Procedure went into effect. We have been unable to find a case which states that a judgment by confession may be entered in this State under a power of attorney since the Code of Civil Procedure went into effect, except the case of *Teel* v. *Yost* (128 N. Y. 387). The statement of Chief Judge RUGER in that case was *obiter dicta,* and if he meant to say that at that time a judgment by confession could be entered under a power of attorney, his statement has not been adopted as a correct statement of the law of the State upon that point by any subsequent decision which has been reported, and it has not been so understood by the members of the profession. The only authority for entering a judgment by confession which existed in this State at the time the judgment in question was entered was contained in the provisions of the Code of Civil Procedure above referred to, which required the statement to be signed by the defendant and verified by him and which provided in detail for the facts to be set forth in such statement. No such statement was filed in this case, and the judgment was entered without jurisdiction and should be set aside."

After quoting the foregoing, Mr. Justice DOWLING continues: " The present case demonstrates how salutary are the provisions in question of the Civil Practice Act and its predecessors in the Code of Civil Procedure. Here is a judgment by confession, entered ostensibly by the attorney for the defendants, though he is in fact the attorney for the plaintiff. His verification of the statement for judgment is based on the original agreement, and on conversations and communications with the agents of the plaintiff. But he does not claim to have ever conferred with the defendants, or to have had any conversations or communications with them, or to have obtained their version of the transaction."

The Appellate Division accordingly ruled that the court was without jurisdiction to enter a judgment under such circumstances.

While it is true that the preceding case did not involve a foreign judgment and the force to be given to it, I nevertheless hesitate to consider that judgment conclusive upon one of our residents,

obtained, as it was, by a procedure which would not be sanctioned in this State, and which has not given the defendant the benefit of personal service in the State in which the judgment was obtained. In the light of the views expressed by the Appellate Division of this Department, I doubt whether either comity or the full faith and credit clause of the Constitution necessarily compels a recognition of a Pennsylvania judgment obtained without personal service of process, in the case of one who was not a resident of that State at the time of confession.

The motion for summary judgment is, therefore, denied.