Harold Baer, J.
This is a motion for summary judgment based upon an Illinois judgment entered by confession. The confession was contained in a collateral promissory note executed in Illinois. The note incorporated a printed warrant or *341 power of attorney authorizing any attorney of any court of record to confess judgment against the defendant. Under the laws of the State of Illinois such a judgment is valid. It would be invalid here (see Civ. Prac. Act, § 541).
Upon default on the note, a confession of judgment was entered by an attorney, apparently selected by the plaintiff here, without any service of any kind upon the defendant. The defendant’s affidavits allege what appear to be, prima facie, a meritorious defense of nondelivery of the note as well as lack of consideration.
The sole question on this motion is whether the judgment sued upon is conclusive against the defendant, a resident of this State, and who never has been a resident of the State of Illinois.
Apparently, the leading case on this subject is Teel v. Yost (128 N. Y. 387). There, suit was brought upon a Pennsylvania judgment entered by confession. Said confession was incorporated in a promissory note which provided (p. 391) “‘I also hereby authorize any attorney of any court of record in Pennsylvania, or elsewhere, to confess judgment ’ ”.
The parties to the note were both residents of Pennsylvania at the time the note was made, and had been for a long time previous to and after the entry of the judgment. Further, this judgment was entered after a trial, where the trial court found as a fact that the maker of the note authorized the entry of the confession. The Court of Appeals in affirming the judgment held that there was ample evidence to support this finding (p. 392).
While Teel v. Yost has never been overruled, and in fact has been followed (see Mayer v. Raudenbush, 217 N. Y. 633, memo decision, without opinion), it has not been universally followed. On the contrary, attempts have been made to distinguish it and limit its application (United States Fidelity & Guar. Co. v. Shickler, 199 App. Div. 74; Starck Piano Co. v. O’Keefe, 211 App. Div. 700; Scanlon v. Kuehn, 225 App. Div. 256; Baldwin Bldg. & Loan Assn. v. Klein, 136 Misc. 752, affd. 230 App. Div. 830).
The more apparent attempt to distinguish Teel v. Yost has been on the ground that the party against whom the foreign judgment was sought to be enforced was at no time a resident of the State where the judgment was obtained. (Scanlon v. Kuehn, supra; Baldwin Bldg. & Loan Assn. v. Klein, supra.) This case may be similarly distinguished. Moreover, in the Teel case there was a finding of fact, which on appeal was found to be supported by the evidence, that there was authority for the attorney entering the confession of judgment to act.
While this motion could be decided on these distinctions, I think that it should be denied for a more basic reason.
*342 It is generally undisputed that a person may consent to jurisdiction over his person before or after an action has commenced, and such consent is valid and binding. Similarly, under appropriate circumstances and safeguards, one may give a power of attorney to confess judgment. However, it seems inconsistent, with due process to summarily enforce a judgment, where the warrant or power of attorney to confess the judgment, is in such broad and universal terms as to permit the entry of such a judgment in any court of record. This is especially so, where the judgment obtained was by a procedure wholly unsanctioned by the jurisdiction where it is sought to be enforced.
This position is not overcome by merely arguing-, as does the plaintiff, that the “ full faith and credit ” clause of the Federal Constitution requires the enforcement of the Illinois judgment. This obligation, to so enforce judgments of sister States, is limited by certain principles defining the power of the court rendering the judgment. The fundamental limitation is that the court rendering the judgment have jurisdiction over the parties and subject matter upon which it pronounces judgment. A necessary corollary to this is, that the courts of the State where the judgment is sued upon, shall have the right to investigate and ascertain whether the court rendering the judgment had jurisdiction (Hanna v. Stedman, 230 N. Y. 326, 332; Pennoyer v. Neff, 95 U. S. 714). Here this principle is inextricably interwoven with the nature of the authority given by the defendant to confess judgment.
The question of authority to enter the judgment by confession, as well as the other issues involved herein, should be determined at the trial of the action. The defendant alleges that the note in issue was to be held in escrow pending the development of certain circumstances which did not materialize. If this be so, it may well be that the warrant or power of attorney, even if found to be effective, never became operative. For these reasons and those discussed above, justice requires a trial of all the issues of this controversy.'
Accordingly, the motion is denied.