Jacob J. S chwabtzwald, J.
In an action on a judgment which plaintiff recovered against defendant in the State of Illinois, plaintiff moves for summary judgment. Defendant is a resident of the State of New York and has not appeared in the Illinois action. However, documentary evidence submitted in behalf of plaintiff sufficiently establishes that defendant was served, pursuant to section 20a of the Illinois Motor Vehicle Act, by the filing of a copy of the summons with the Secretary of State of the State of Illinois and by the sending of a copy of the summons, with notice of filing thereof, to the defendant. It is also established that the Superior Court of Cook County, State of Illinois, rendered a judgment by default in favor of plaintiff against the defendant in the sum of $15,000.
The defendant asserts that the accident described in the complaint, by virtue of which the judgment by default was entered, never occurred and, accordingly, section 20a of the Illinois Motor *661 Vehicle Act is inapplicable to give the courts of Illinois jurisdiction over him.
Section 20a provides, as far as pertinent herein, as follows: ‘ ‘ The use and operation by any person of a motor vehicle over the highways of the State of Illinois, shall be an appointment by such person of the Secretary of State, to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him, growing out of such use or resulting in damage or loss to person or property, and said use or operation shall be signification of his agreement that any such process against him which is so served, shall be of the same legal force and validity as though served upon him personally if such person is a non-resident of this State ’ ’.
It would thus appear, if what defendant asserts is true, the courts of Illinois did not acquire jurisdiction over him. Since judgment of a court of record of a foreign State may be attacked collaterally for want of jurisdiction (Scanlon v. Kuehn, 225 App. Div. 256), and since there is an issue of fact whether an accident occurred to give the court of Illinois jurisdiction of the defendant, the motion is denied.
Submit order.