James H. O’Connor, J.
Motion was made by the defendant for an order of summary judgment dismissing the plaintiffs’ complaint and directing the entry of judgment for the defendant upon the causes of action set forth in the counterclaim contained in his answer. The plaintiffs cross-moved for an order dismissing the counterclaim of the defendant and granting summary judgment to the plaintiffs upon their complaint.
*256 About December 22, 1967 the defendant loaned to the plaintiffs the sum of $15,000. To secure the loan the plaintiffs executed a certain cognovit or judgment note which provided for installment payments on the loan with the final payment due on December 1, 1968. The interest rate of the note was 10% on the unpaid balances. The note contained the following clause: ‘ ‘ And to secure the payment of said amount, we hereby authorize, irrevocably, the Prothonotary, Clerk of Court, or any Attorney of any Court of Record to appear for us in such Court, in term time, or vacation, at any time before or after maturity and confess a judgment without process in favor of any holder of this note, with or without the filing of an Averment or Declaration of Default for such amount as may appear to be unpaid thereon, together with charges,- costs and Attorney’s fees, as above provided.”
The note was indorsed by both plaintiffs and had a date line at the top thereof “ Oswego, New York, December 22, 1967 ”. The note in question resulted from a certain agreement between the plaintiffs and Eastern Vacuum Cooling, Inc., a Delaware corporation, which agreement provided for the sale and purchase of a certain machine at a price of $35,000. Part of the agreement required the seller to obtain a loan in the amount of $15,000 for the plaintiffs upon their request. A request for a loan was made by the plaintiffs’ attorney in a letter to an attorney in Philadelphia, Pennsylvania. This attorney agreed to obtain the loan and requested certain financial information concerning the plaintiffs. The Pennsylvania attorney drew the promissory note, which was a Pennsylvania form cognovit note and sent it to the plaintiffs ’ attorney, who had it executed and returned it. A check payable to the plaintiffs and to the vendor of the machine was drawn on a Pennsylvania bank and mailed to the plaintiffs’ attorney in the State of New York where it was indorsed by the plaintiffs and returned to the Pennsylvania attorney. He thereupon delivered it to the vendor as payment in full of the plaintiffs’ contractual obligation for the purchase of the machine. After making the April 1, 1968 payment the plaintiffs ’ attorney refused further payment on the ground that he deemed the note void and unenforcible under New York State law, claiming in substance that the note, being usurious, was not enforcible under section 5-511 of the General Obligations Law. On July 8, 1968 judgment by confession upon the cognovit note was entered in the Court of Common Pleas, County of Philadelphia, Commonwealth of Pennsylvania, for the sum of $15,000, credit for the April 1, 1968 payment to be accorded prior to the issuance of the Pennsylvania execution. *257 The judgment also provided for costs and 10% attorney’s fees.
The instant action was commenced on July 23, 1968 by the personal service of a summons and complaint on the defendant in the City of New York, although defendant is a resident of the State of Connecticut. Plaintiffs’ attorney seeks to have the judgment note declared usurious and void; that a certain security agreement given contemporaneously be cancelled; that the plaintiffs recover the sum of $1,912.62 for the April 1, 1968 payment on the note and that the defendant be restrained from taking any action on the note or security agreement until the final determination of the action. The defendant’s answer alleged in substance three affirmative defenses:
1. Waiver of any defense of usury; 2. Estoppel of the plaintiffs to rely on such defense and 3. That the enforcibility and validity of the loan and the note be governed by the law of the Commonwealth of Pennsylvania which law makes such a note valid and enforcible as to all principal and as to all interest up to but not in excess of 6%.
In addition the defendant pleads two counterclaims, the first of which seeks judgment upon the judgment by confession rendered in the Court of Common Pleas Philadelphia County, Commonwealth of Pennsylvania as aforesaid, claiming that said judgment must be accorded full faith and credit under the Federal and State Constitutions. The second counterclaim is upon the note itself.
Section 5-511 of the General Obligations Law of the State of New York in substance makes all notes and any security given therefor void where the interest therefor is greater than 6%. This has been the policy of the State of New York for many years. The Commonwealth of Pennsylvania however provides in substance that the rate of interest shall be 6% for the loan or use of money but it does not make the loan or the-note given therefor void if a greater interest rate is charged but simply provides that the debtor shall not be required to pay to the creditor the excess of interest over and above the legal rate. (Purdon’s Pa. Stat. Ann., tit. 41, §§ 3 and 4.)
To resolve the install c motions the court must concern itself first with the question of whether or not the Pennsylvania judgment entered upon the cognovit note must be granted full faith and credit within the meaning of the Federal and State Constitutions. In the early case of Teel v. Yost (128 N. Y. 387) the highest court of the State of New York was called upon to determine whether a judgment note which culminated in a confession of judgment in the Commonwealth of Pennsylvania should be entitled to full faith and credit when sued upon in *258 the State of New York. The judgment in that case was based upon a judgment note executed by a resident of the Commonwealth of Pennsylvania and made payable to a resident of the Commonwealth of Pennsylvania. The confession clause authorized any attorney of any court of record in Pennsylvania or elsewhere to confess judgment for the note. The court held that full faith and credit was binding and conclusive upon the defendant in the State of New York. However in Scanlon v. Kuehn (225 App. Div. 256) where an action was brought on an Ohio judgment signed by the defendant’s partner in the State of New York and where neither the partner nor the defendant ever resided in the State of Ohio, the court held that the defendant could collaterally attack the judgment of the State of Ohio for want of jurisdiction, since he never personally signed the note. The court held that if the defendant had been a resident of the .State of Ohio at the time of the execution of the note the result would be different. Thus the court allowed a collateral attack as to the jurisdictional aspect of the Ohio judgment.
The meaning of the Teel decision has been discussed in many cases since it was rendered. Thus in Scanlon v. Kuehn (supra) the court allowed an attack on the foreign judgment since the defendant was at no time a resident of the State where the judgment was obtained. In Merit Acceptance Corp. v. Green (12 Misc 2d 340, 341) the court refused to enforce a judgment obtained on a broad confession clause such as that contained in the note in the instant case. The court said (p. 342): “ It is generally undisputed that a person may consent to jurisdiction over his person before or after an action has commenced, and such consent is valid and binding. Similarly, under appropriate circumstances and safeguards, one may give a power of attorney to confess judgment. However, it seems inconsistent, with due process to summarily enforce a judgment, where the warrant or power of attorney to confess the judgment, is in such broad and universal terms as to permit the entry of such a judgment in any court of record. This is especially so, where the judgment obtained was by a procedure wholly unsanctroned by the jurisdiction where it is sought to be enforced.” (See, also, Bierce Co. v. Hunt, 170 So. 2d 99 [Fla.].)
Therefore, it is this court’s decision that the broad language contained in the note did not give the jurisdiction to confess judgment against the plaintiffs in the Commonwealth of Pennsylvania.
The question still remains however whether the law of the Commonwealth of Pennsylvania or the law of the State of New *259 York should govern the making and execution of the note in question to determine its essential character.
It has been the general rule that the question of usury is governed by the law of the place where the note is made. (City Nat. Bank in Miami v. Lake Constr. Co., 227 App. Div. 85.) Furthermore, it has been held that in determining where a note is made, the intention of the parties is the decisive factor. (Westchester Mtge. Co. v. Grand Rapids & Ionia R. R. Co., 246 N. Y. 194.) The place of signing and the place of payment are not ipso facto controlling. (Staples v. Nott, 128 N. Y. 403. See, also, Davis v. Collins, 137 Misc. 396, affd. 138 Misc. 740.)
The court cannot on papers submitted on a motion for summary judgment determine the intention of parties to a contract. This must be done upon a plenary trial. The question of waiver and estoppel falls into the same category and such defense if applicable would be basically a question of fact.
Since the function of the court on a motion for summary judgment is to seek out and find issues of fact rather than to make an issue determination (Crowley’s Milk Co. v. Klein, 24 A D 2d 920), and having determined that fact questions do exist, the motions for summary judgment are denied.