OPINION OF THE COURT
Martin B. Stecher, J.
This is an application by the petitioner for an order directing the respondent, County Clerk of New York County, to accept and file a confession of judgment (CPLR 3218) and accompanying stipulation of settlement. The dispute between the parties arose out of the charter of a vessel. In accordance with the terms of its agreement arbitration was demanded. The parties were both represented by New York counsel, it being the intention of the parties that arbitration take place in New York. The parties, prior to submission of the contro *904 versy to the arbitrators, negotiated through their attorneys a settlement of their differences and the negotiated settlement included an obligation on the part of United Enterprises and Shipping (Pte) Ltd. ("United”) to execute a confession of judgment to be used in the event that the installment payments, called for by the stipulation of settlement, were not timely made.
Pursuant to a series of telex communications between United, a Singapore corporation, and United’s attorneys situated in New York City, the stipulation of settlement was executed on behalf of United by its attorneys and the confession of judgment was executed. It appears and it is now alleged that the installments have not been timely paid and petitioner seeks to compel the entry of the confessed judgment. The County Clerk has, thus far, declined to record the judgment on the ground that it is signed by an alleged "attorney-in-fact” and not by the debtor. CPLR 3218 (subd [a]) requires that in order to enter such judgment it must be accompanied by "an affidavit executed by the defendant.” In the case of a corporate defendant, it is obvious that the corporation itself may not execute the affidavit but can only do so through an officer or authorized agent. In this case, unlike Atlas Credit Corp. v Ezrine (25 NY2d 219), the attorney-in-fact is not just any person designated by the creditor but is the attorney who represented the debtor in the litigation which led to a negotiated settlement including the execution of the confession. Under appropriate circumstances and safeguards, one may give the power of attorney to confess judgment (Merit Acceptance Corp. v Green, 12 Misc 2d 340) and the power may be given by telex (see Interocean Shipping Co. v National Shipping & Trading Corp., 523 F2d 527, cert den 423 US 1054).
In my view, the circumstances here are appropriate to recognize the judgment confessed by the attorneys for the debtor and, accordingly, the County Clerk will be directed to file the said judgment.