## Case No. 3,202.

### COOPER v. THOMPSON.

[13 Blatchf. 434.] [1]

District Court, S. D. New York. June Term, 1876.

MUNICIPAL AID — LEGALIZING ISSUE OF BONDS — CONSTRUCTION OF STATUTE — ACT MARCH 3, 1875 — ACTION ON COUPONS.

1. A statute validated the action of commissioners in issuing the bonds of a town in aid of a railroad company, and in exchanging them for the stock of the company, and declared that no bonds held by any person "in good faith or for a valuable consideration" should be void or voidable by reason of any defect or omission in the consents of the tax-payers, but that the bonds should be as valid as if such defect or omission had not occurred, provided that any exchange of the bonds for such stock was made at the par value of the bonds. Certain of the bonds had been exchanged for stock of the company at par value. Afterwards they were sold at a discount to A., who sold them to T. He owned them when the legalizing act was passed, and subsequently detached certain coupons from them, and sold such coupons to C. In a suit by C., to recover the amount of such coupons, against the town. *Held*: The legislature had power to validate the bonds. The fact that the bonds stated, upon their face, that they were issued in exchange for stock, while the original statute only authorized them to be negotiated for cash and at par value, did not affect the position of C., as a holder in good faith, of the coupons, he being a purchaser of them for value, nor was such position affected by the fact that C., when he bought the coupons, was aware that the town contested its liability upon the bonds. The legalizing act validated all bonds that were originally exchanged at par value for the stock, unless the subsequent purchaser of them had

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

notice of the illegality in their issue, and did not part with value on his purchase.

[Followed in Perrine v. Thompson, Case No. 10,997.]

2. The holder of a coupon payable to bearer is not an assignee of the cause of action, within the 1st section of the act of March 3d, 1875 (18 Stat. 470).

[Cited in Pettit v. Town of Hope, 2 Fed. 623; Whiting v. Wellington, 10 Fed. 815.]

3. A coupon payable to bearer is a promissory note negotiable by the law merchant, within said 1st section.

[Action by Joseph P. Cooper against the town of Thompson on coupons of municipal aid bonds issued by defendant. There was a verdict for plaintiff, and defendant moves for a new trial.]

Rastus S. Ransom, for plaintiff.
Timothy F. Bush, for defendant.

WALLACE, District Judge. Conceding for the purposes of this case, that the bonds to which the coupons in suit were originally attached were issued in contravention of the statute (Act May 4, 1868; Laws N. Y. 1868, p. 1128) which authorized the town to lend its aid to the railroad, the defence is untenable, by force of the act (Act April 28, 1871; Laws N. Y. 1871, p. 1838) legalizing the acts of the commissioners in issuing and disposing of the bonds. That act validates the action of the commissioners in issuing the bonds, and in exchanging them for the stock of the railroad company, and declares that no bonds held by any person "in good faith, or for a valuable consideration, shall be void or voidable by reason of any defect or omission in the consents in writing of the tax-payers, * * * but that the said bonds shall be as valid and effectual for every purpose, as if such defect or omission had not occurred, provided, that such or any exchange of bonds made by said commissioners for the stock of said company was made at the par value of the said bonds." It is in proof that the bonds were exchanged for stock of the railroad company at par value; that, very soon after they were issued, they were bought by the Atlantic Savings Bank for eighty-two and a half cents of their par value, with interest accrued; that the savings bank sold them shortly afterwards to Mr. Toucey, who owned them when the legalizing act was passed, and that he subsequently detached the coupons in suit, and sold them to the plaintiff.

The power of the legislature to validate such bonds is established by repeated adjudications, and is not contested here; but it is asserted that the plaintiff is not a holder in good faith, or for a valuable consideration, and is, therefore, not within the protection of the act. It is insisted that he is not such a holder, because the bonds recite, upon their face, that they were issued in exchange for stock of the railroad company, while the statute only authorized them to be negotiated for cash, and at par value; and,

also, because, when he purchased the coupons from Mr. Toucey he was aware that the town contested its liability upon the bonds. If Toucey could have maintained an action on the bonds before he sold the coupons to the plaintiff, it will not be controverted that the plaintiff has all his rights and can maintain this action on the coupons. If Toucey was not a bona fide holder of the bonds, because of the recital, clearly no purchaser could be, because the bonds themselves, which the legislature proposed to validate, carried, on their face, notice of their invalidity, to all who purchased them. And if, because of this recital, there could not be a purchaser in good faith, the act, so far as it attempts to validate the bonds, is inoperative and nugatory. It is to be assumed that the act was passed with an understanding of all the facts that made the legislation necessary, and it follows, that a purchaser for value must be deemed a holder in good faith, within the meaning of the act, when there is nothing to militate against his title, except what is presented by the bonds themselves. It is not shown that Toucey had notice of any defence to the bonds, when he purchased, except that contained in the recitals.

The act also validates the bonds in the hands of a purchaser for a valuable consideration, as well as in those of a purchaser in good faith. The language used clearly protects, not only all purchasers who have not acquired title mala fide, but, also, all who have advanced a present, as distinguished from a precedent, consideration, upon the purchase of the bonds. Where a purchaser had notice of the illegality of the proceedings to bond the town, and did not part with value upon the purchase, the act affords no aid; but, in all other cases, it imparts validity to all of the bonds that were originally exchanged at par value for the stock of the railroad company. For these reasons I reach an adverse conclusion to the defendant, upon this branch of the case.

It is insisted by the defendant, that, inasmuch as Toucey, from whom the plaintiff derived title to the coupons, could not have maintained an action himself in this court, because not a non-resident of the state, the plaintiff cannot, under the first section of the act of March 3, 1875 (18 Stat. 470), which provides that no circuit court shall "have cognizance of any suit founded on contract, in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon, if no assignment had been made, except in cases of promissory notes negotiable by the law merchant, and bills of exchange." Prior to this provision, the prohibition, (Rev. St. U. S. § 629,) was against cognizance "of any suit to recover the contents of any promissory note or other chose in action, in favor of an assignee, unless a suit might have been prosecuted in such court to recover the said contents, if no assignment had been made, except in cases of

foreign bills of exchange;" and it was uniformly held, under that act, that the holder of a promissory note, payable to bearer, was not an assignee, within the meaning of the statute, for the reason that a note payable to bearer is payable to any body who may become the holder, and the contract is with the holder, and the holder does not acquire title by an assignment, but by delivery. Bank of Kentucky v. Wister, 2 Pet. [27 U. S.] 318; Bullard v. Bell [Case No. 2,121]; Wood v. Dummer [Id. 17,944]; Bradford v. Jenks [Id. 1,769]; Bonnafee v. Williams, 3 How. [44 U. S.] 574; Noell v. Mitchell [Case No. 10,287]. Under these decisions, the holder of a coupon payable to bearer is not an assignee of the cause of action. He acquires title by delivery, and the promise to pay the bearer, in the coupon, is a promise to him directly. City of Lexington v. Butler, 14 Wall. [81 U. S.] 283.

But, irrespective of this answer to the objection urged, the act of 1875 excludes from its operation promissory notes negotiable by the law merchant. Coupons, when payable to bearer, are promissory notes negotiable by the law merchant, and possess all the attributes of promissory notes. A very recent case goes to the length of giving them days of grace. Evertson v. National Bank of Newport [66 N. Y. 14]. It may be necessary to resort to the bonds to which they were originally attached, to prove the execution of the coupons; but this does not deprive them of their negotiable character. Payment or cancellation of the bond will not defeat the rights of a prior holder of the coupons.

The motion for a new trial is denied, and judgment is ordered for plaintiff upon the verdict.

⸺

COOPER (UNITED STATES v.). See Cases Nos. 14,861–14,865.

COOPER (WEBSTER v.). See Case No. 17,-333.

COOPER, The HELEN R. See Cases Nos. 6,333–6,335.

COOSA, The (CONNER v.). See Case No. 3,113.