## D, B. CARLIN *v.* ISAAC TAYLOR.

1. POWER OF ATTORNEY, *Void for uncertainty.* To a promissory note a power of attorney was annexed, empowering "any attorney of record within the United States or elsewhere to appear for me and confess judgment against me as of any term for above sum, and five per cent, attorney's fees. *Held,* void for uncertainty.

2. PLEADINGS AND PRACTICE. *Judgment from another State. Nul tiel record.* One suing upon a judgment of a court of a foreign State which would not be valid if rendered in the State where it is offered in evidence, most show that it is valid according to the laws of the State where it was pronounced. A judgment pronounced in Ohio upon a power of attorney to confess judgment executed in Pennsylvania against a person resident in Tennessee, without personal or constructive service of process, is void and *nul tiel record* is a good plea to an action thereon in this State.

### FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county.    D. C. TREWHITT, J.

W. L. EAKIN for Carlin.

DODSON & MOON for Taylor.

Carlin v. Taylor.

TURNEY, J., delivered the opinion of the court.

This suit was brought in the circuit court of Hamilton county upon what purports to be a record from the court of common pleas of Washington county, Ohio. The action there was based upon the following paper:

"Petersbur~, March 3, 1868.

"Sixty days after date I promise to pay to the order of Isaac Taylor, five hundred and fifty $\frac{54}{100}$ dollars, without defalcation, value received, with interest from ———. And I hereby empower any attorney of record within the United States or elsewhere to appear for me and confess judgment against me as of any term for above sum, with costs of suit and five per cent. attorney's commissions, and release of all errors, hereby waiving inquisition, and agreeing to the condemnation of any property that may be levied upon by any execution, which may issue forthwith on failure to comply with the conditions hereof. Also hereby waiving the benefit of the exemption laws, or any act of Assembly relative to exemptions, now in force or hereafter to be passed. Witness my hand and seal.

"James Reed.          D. B. Carlin. [Seal.]"

The judgment recites: "At the February term of the court of common pleas, &c., 1869, H. L. Sibly, one of the attorneys of the court, appeared in open court, on behalf of the said David B. Carlin, and by virtue of a warrant of attorney for that purpose executed and now produced to the court and duly proved,

waived the issuance of process, &c., and confessed judgment, &c. To the present action were several pleas, among them *nul tiel record.*"

This plea should have been sustained by the court. The power of attorney is so general as to apply to and empower any attorney in the world, of any court, to confess judgment. The note was made in Pennsylvania, the maker resided in Tennessee, the judgment was taken in Ohio, and could as properly have been confessed in China or Japan.

We think the power of attorney confers authority upon no one to confess judgment, and even if genuine, is void for its comprehensive uncertainty. No judgment could have been rendered upon it in this State.

"Personal service being undoubtedly ineffectual to call into being such a personal judgment as will be given extra territorial effect against a non-resident, unless the service was made on him within the State, it follows *a fortiori* that no greater effect would be produced if the service were constructive instead of personal": Freeman on Judgments, sec. 567. The same author says, sec. 571: "A judgment of another State, when offered in evidence, ought to be shown to be valid. If it would not be valid if rendered in the State where it is offered in evidence, the party who relies upon it must show that it is valid according to the laws of the State within whose jurisdiction it was pronounced."

As we have seen, the note and power of attorney were made in Pennsylvania. Giving to the law of that State its fullest operation, and conceding that un-

Carlin *v.* Taylor.

der it the power to confess judgment might have been exercised within the lines of the State, that power will certainly not be extended to any State in which the holder may see fit to carry or transmit the paper, and have it there construed as constructive and effective notice of proceedings for its enforcement by recovery of judgment for the amount stipulated in its terms to be paid. Otherwise, one State might by its legislation affect all the citizens of other States equally with its own, and require of these other States the application of its statutory laws to citizens of such other States, and who could not be brought within the jurisdiction of its courts. Such recognition would confer upon one State the power to prescribe rules of practice for all others.

The Ohio court seems to have recognized such right, but, as we think, without authority of law and without such purpose on the part of Pennsylvania.

Reversed.