---

(Hamilton County Common Pleas Court.)
BARNEY S. McCLURE AND WM. Mc-CLURE v. JOHN D. BOWLES.

---

Courts have no favorable regard for judgments by confession obtained upon the last day of a term and without notice to the judgment debtor.

A grant of power to confess judgment to "any attorney" is a grant to no one any more than to another one, and hence is not of such definiteness as to constitute any grant at all.

But that this question must be held to be foreclosed y the custom of courts of last resort in their dealings with such cases.

If a note authorized judgment to be confessed in "any court of record" without specific mention of one state or another, judgment without the state wherein the note was given would be void: upon the ground that the parties must be said to have had in mind only the courts of that particluar state whereon they happened to be, but that a judgment obtained within that state would be held a good judgment, for the same reason.

A note payable to bearer, passes by mere delivery; and the holder never makes any title through any assignment but claims merely as bearer.

Whether the warrant of attorney can be executed for the benefit of a holder of the note other than the payee, must depend upon the language of the warrant itself. But an authority given by warrant of attorney to confess a judgment against the maker of the note, must be clear and explicit, and strictly pursued, and any supposed omissions of the parties can not be supplied.

A power of attorney to confess judgment, attached to a note, and forming a part of the same instrument does not destroy the negotiability of the note. Such power of attorney is not negotiable, and when the note is transferred, becomes invalid and inoperative.

Where the power is to "confess judgment against us in favor of the payee above named or assigns. A judgment confessed in favor of the payee and assigns but not in favor of a holder of the note endorsed in blank who is a stranger to the note, and one whose name nowhere appears thereon, either as endorser or otherwise. Such holder is not an assign of the of the note.

---

WRIGHT, J.:

The defendant, John D. Bowles, at a prior term obtained judgment against the plaintiffs upon a promissory note, a copy whereof is thus:

"$400.00.        Preston, O., March 16, 1893.

"Eighteen months after date we promise to pay to the order of W. R. Cochran, Jr., four hundred dollars, at Citizen's Bank, Harrison, Ohio, with—per cent. interest. And we hereby authorize and empower any attorney at law, at any time after this obligation becomes due, to appear for us before any court of record in the state of Ohio, or elsewhere, and waive the issuing and service of process and confess judgment against us, in favor of the payee above named or assigns, for the sum due hereon, interests and costs, and thereupon to release all errors and waive all right and benefit of a second trial or appeal in our behalf.

"(Signed)        Barney S. McClure,
"Wm. W. McClure".

Judgment was confessed by an attorney of this bar. It is claimed by plaintiff that the judgment is void for want of jurisdiction, and ought to be vacated. At the out-set I am bound to say, that courts have no favorable regard for judgments by confession obtained as this judgment was upon the last day of a term and without notice to the judgment debtor. With the close of the term the court was deprived of that supervisory control over its journal which would ordinarily enable it as a matter of course to vacate the judgment and permit the making of a legitimate defense if one were shown; the very taking of judgment by confession at such times is enough to justify at least a suspicion that the holder of the note is, to some degree, unwilling to meet the maker upon issue fairly joined. If there be no valid defense against the notes, the holder must ultimately prevail and will have lost nothing saving a little time by vacating the judgment; while, upon the other hand, if there be a valid defense the holder ought not in conscience, to prevail; and the vacating of the judgment will but

accomplish justice and establish right. Therefore, in so far as questions here presented may be doubtful, they ought to be resolved in favor of the plaintiff in so far as may rightfully be done.

Primarily, it is contended, that the power of attorney undertaken to be conferred is void for uncertainty; that the phrase "any attorney at law," is insufficient to point out any individual as clothed with authority; is insufficient to designate a donee of the authority undertaken to be conferred. It seems to me, that were this question presented now for the first time, I would find it necessary to declare the point well taken.

The phrase "any attorney" indicates no particular attorney as distinguished from all other attorneys, and therefore fails to identify any person at all as the one clothed with authority; if language be so indefinite as that it identifies no person as the one undertaken to be clothed with authority, so indefinite as that it fails to identify him who shall exercise authority, as that it fails to point out a donee, it is to me impossible to understand how that same language is capable of carrying authority to any one at all; while undoubtedly sufficient to indicate a purpose to grant authority, yet I question that it is any more; a purpose is one thing; execution of it is another thing; contemplation is not the same as consummation; if it were a grant of any thing save of a power, and the grant were to "any attorney." I take it that no one would be heard to contend that one attorney or another, took under that grant any right in, or any authority over the subject of the grant. A grant to "any attorney" is a grant to no one any more than to another one, and hence is not of any definiteness as to constitute any grant at all.

But I am under the necessity of concluding that this question must be held to be foreclosed by the custom of courts of last resort in their dealings with such cases. I am not able to ignore that very many cases of cognovits have arisen wherein the words "any attorney at law" appear to have been used, and wherein the courts have without question assumed the phraseology to be sufficient.

Tell v. Yost, 13 L. R. An., 796; Mikeska v. Blum, 63 Texas, 44; Keith v. Kellogg, 97 Ill., 150; Hall v. Jones, 32 Ill., 38; Poppers v. Mayer, 33 Ills. App., 19; Kuehne v. Goit, 54 Ill. App., 596; Bank of Athens v. Garland et al., 67 N. W. Rep., 559; Cooper v. Shavee, 101 Pa. St., 547; Marsden v. Soper, 11 Ohio St., 503; Spence v. Emerine, 46 Ohio St., 433; Ream v. The Bank, 2 C. C., 43; Cushman v. Welsh, 19 Ohio St., 536; Davis v. Parker, 8 C. C., 107.

I must therefore resolve the first contention against the plaintiffs.

Secondly, it is urged that the phrase "any court of record in the state of Ohio or elsewhere," is void for the like reason, that is to say, for uncertainty; upon this point it is to be remembered that judgment was obtained, not "elsewhere," but within the state of Ohio, within the county of plaintiffs' residence, and within the county where the note was made; so that the question is upon the sufficiency of the language to authorize judgment in this particular court of Ohio, and is not upon the point of whether a court "elsewhere" could have acquired jurisdiction. It must needs be said that the parties contemplated, at least, a confession of judgment in the court of jurisdiction over the place of the maker's residence, when that place is co-incident with the place where the note was made: that the makers so intended must be presumed.

Upon this proposition the books seem to point out that though the language employed to designate the court were even more general than that at bar, yet judgment would be good in some cases: that is, to say, if a note authorized judgment in "any court of record" without specific mention of one state or another, I take it that judgment *without* the state wherein the note was given would be void: upon the ground that the parties must be said to have had in mind only the courts of that particular state wherein they happened to be; but that a judgment obtained *within* that state would be held a good judgment, for the same reason.

The case at bar in these respects presents distinctions from some cited cases and upon vital points; notably, in that of Carein v. Taylor, 7 Lea (Tenn.), 666. It appears that the note was made in Pennsylvania, the maker resided in Tennessee, and judgment was confessed in the state of Ohio. I must say that at bar, the language employed is sufficient to confer jurisdiction, upon the court here. First National Bank of Athens v. Garland et al., 67 N. W.,Rep., 559. But a contemplation of the terms of the power, taken together with the endorsement upon the note, brings to light the presence of a question more serious than those suggested and I shall now state it; the power is this: to "confess judgment against us in favor of the payee above named or assigns;" now judgment was confessed not in favor of the payee, but in favor of John D. Bowles, who is a stranger to the note, and one whose name nowhere appears thereon, either as endorser or otherwise. There is a single endorsement set down upon the note, that of the payee "W. R. Cochran, Jr.," an endorsement in blank; so that the question is, is John D. Bowles, the "assign" of the original payee. In the consideration of this question it should be held in mind that "A warrant of attorney to confess judgment must be strictly construed, and the authority thereby conferred can not be exercised beyond the limits expressed in the instrument." Cushman v. Welsh, 19 Ohio St., 536; Spence v. Emerine, 46 Ohio St., 433.

"And also that a power of attorney to confess judgment, attached to a note, and forming a part of the same instrument, does not destroy the negotiability of the note. Such

power of attorney is not negotiable, and when the note is transferred, becomes invalid and inoperative." Osborn v. Hawley, 19 Ohio, 130.

The report of this latter case fails to set forth the wording of the particular power then before the court, yet, nevertheless, it is decisive that powers to confess in favor of the payee are not negotiable; that is to say, can not be exercised generally in favor of whomsoever may become holder of the note; can not be exercised in favor of any, save in favor of those whom the maker has seen fit to designate; can not be exercised in favor of another than the payee, unless that other be by the maker designated in appropriate terms.

"Whether the warrant of attorney can be executed for the benefit of a holder of the note other than the payee, must depend upon the language of the warrant itself. But it is an established principle, that an authority given by warrant of attorney to confess a judgment against the maker of the note, must be clear and explicit, and strictly pursued, and we cannot supply any supposed omissions of the parties." Spence v. Emerine, 46 Ohio St., 439.

It is strongly intimated in Marsden v. Soper, 11 Ohio St., 503-5, that a power to confess judgment in favor of "any holder" is not legally operative to authorize confession of judgment in favor of an endorser of the note; but however this may be, it is clear enough that the mere fact that John D. Bowles may happen to have become the holder of the note at bar, does not alone authorize confession of judgment in his favor; for the power is not given to confess in favor of "holders;" the language of the warrant is, "assigns." Does the term "assigns" include John D. Bowles the stranger to the note, one whose name nowhere appears thereon? Nobody can say from the writing itself, but that half a score of persons have held and owned this note, between the payee, W. R. Cochran, Jr., and John D. Bowles; if this turn out to be the case, shall it be said that each and all are "assigns" of the original payee?

The question depends upon whether or no a note endorsed in blank, passes from hand to hand by assignment, or by delivery. I take it to be an established principle that a note endorsed in blank passes by delivery and not by assignment, the same as if drawn payable to "bearer."

In Bullard v. Bell, 1 Mason, 252, it was said by Judge Story:

"A note payable to bearer, is often said to be assignable by delivery; but in correct language there is no assignment in the case. It passes by mere delivery; and the ohlder never makes any title, by or through any assignment but claims merely as bearer."

Cooper v. Town of Thompson, 13 Blatchf., 434 437; Thompson v. Perrine, 106 U. S., 593, and this language may with full force be applied at bar; the note being endorsed in blank, passed by mere delivery, and there is no assignment in the case; John D. Bowles can make no title by, or through any assignment but claims merely as holder. So that he is no "assign" of the payee and therefore the judgment in his favor was unauthorized. If, in accordance with statutory requirement, a defense to the notes is shown, the judgment will be vacated.