Weygandt, C. J.
 

 The single question presented by the plaintiff relates to the nature of the warrant of attorney in the cognovit note. If it is joint and several the judgment of the Court of Appeals must be af
 
 *322
 
 firmed; but if it is merely joint the defendant’s judgment lien is invalid and there must be an affirmance of' the decree of the Court of Common Pleas quieting the-plaintiff’s title to the realty on which the levy was. made.
 

 It is the contention of the plaintiff that the warrant, of attorney authorizes the entry of appearance, waiver of process and confession of a judgment as to both Eugene and Mabel B. Lamos but not as to one alone,, and that therefore as soon as Eugene Lamos died all authority under the warrant was revoked. As his. basis for this view the plaintiff relies upon the particular language of the note that the makers authorize any attorney at law “to appear in any court of record * * *' and waive the issuing and service of process and confess a judgment against any or all of the undersigned' * * ” He insists that technically in order to make this-
 

 warrant of attorney .joint and several it would be necessary to add the italicized words authorizing any attorney at law “to appear in any court of record
 
 for any or all of the undersigned
 
 * * * and waive the issuing and service of process
 
 for any or all of the undersigned
 
 and confess a judgment against any or all of' the undersigned * * In other word's, the plaintiff' contends that although a judgment may be confessed, “against any or all of the undersigned,” there can be-no appearance or waiver except for
 
 both
 
 makers of' the note.
 

 This view fails to take into consideration the fundamental rule that a negotiable instrument must be react in its entirety in order to ascertain the intention of the. parties. The very first sentence of this note contains, the significant language that “the undersigned
 
 jointly and severally
 
 promise to pay.” (Italics supplied.) Likewise, in the concluding sentence it is provided’ that a judgment may be confessed “against
 
 any or all'
 
 of the undersigned.” (Italics supplied.) This unam
 
 *323
 
 higueras language leaves nothing to inference. Clearly the liability of the makers is joint and several. Furthermore, there is nothing in the context to require the repetition of language as suggested by the plaintiff. The warrant of attorney is unbroken by punctuation in providing that (1) the appearance, (2) the waiver and (3) the confession may be as to “any or all.”
 

 The plaintiff relies upon the decision of this court in the case of
 
 Hoffmaster
 
 v.
 
 G. M. McKelvey Co.,
 
 88 Ohio St., 552, 106 N. E., 1061. However, in that case the •particular language of the note in marked contrast provided merely for the confession of a judgment “against us,” thus making the liability joint rather than joint and several.
 

 An annotation and citation of pertinent cases appear in 89 A. L. E., 403.
 

 The judgment of the Court of Appeals is correct and must be affirmed.
 

 Judgment affirmed.
 

 Matthias, Hast, Zimmerman, Bell, Williams and Turner, JJ., concur.