Taft, J.
 

 One of the four makers was deceased at the time the judgment by confession was taken. Therefore, if the warrant of attorney is construed as authorizing merely the confession of a joint judgment against the makers, there was no authority to confess any judgment against any one or more of the makers.
 
 Hoffmaster
 
 v.
 
 G. M. McKelvey Co.,
 
 88 Ohio St., 552, 106 N. E., 1061. On the other hand, if the warrant of attorney is construed as authorizing confession of a joint and several judgment, then the warrant might have justified confession of judgment against the plaintiffs herein who were
 
 sui juris
 
 at the time of execution of the note and alive at the time of confession of the judgment.
 
 Frey
 
 v.
 
 Cleveland Trust Co.,
 
 143 Ohio St., 319, 55 N. E. (2d), 416.
 

 Defendant contends that the warrant of attorney, when given a reasonable construction, authorized confession of a joint and several judgment against the four makers. In support of this position, defendant argues that a note, signed by several parties as makers and containing the words, “I promise,” etc., was held to be a joint and several obligation before the adoption in this state of the Uniform Negotiable Instruments Act.
 
 Wallace
 
 v.
 
 Jewell,
 
 21 Ohio St., 163. Such a note is now so construed because of the provisions of
 
 *538
 
 that law. Section 8122, General Code. Defendant then points out that, if the note is read as though nothing were to go into the blanks, the result is as follows: “* * * I promise to pay * * * and hereby authorize.” It is contended that it is just as if the word, “I,” had been inserted in the blank before the words, “hereby authorize”; and that, since the words, “I promise to pay,” on a note signed by several parties result in a joint and several obligation, the words, “I hereby authorize,” appearing in a warrant of attorney signed by several parties, authorize the attorney to confess a joint and several judgment against those parties.
 

 The contention of the plaintiffs is that the authority given by a warrant of attorney to confess judgment against a maker or makers of the note must be clear and explicit and strictly pursued and no supposed words omitted by the parties may be supplied. It is argued that, if such construction is given to the warrant, then it did not authorize confession of a several judgment.
 

 In
 
 Cushman
 
 v.
 
 Welsh,
 
 19 Ohio St., 536, the syllabus reads in part:
 

 “2. A warrant of attorney to confess judgment must be strictly construed, and the authority thereby conferred cannot be exercised beyond the limits expressed in the instrument.
 

 “3. A warrant of attorney attached to such sealed note or bill, authorizing a judgment to be confessed thereon ‘in favor of the
 
 legal
 
 holder’ thereof, does not authorize a confession of judgment on such note in favor of the owner and holder thereof, without an indorsement thereon by the payee transferring the legal title to such owner and bolder of the note.”
 

 In the court’s opinion in that case it is said:
 

 “* * * the plaintiff below became the owner and holder of the note by purchase of Rickley & Brother,
 
 *539
 
 and paid them therefor the full amount of the note. Though he might, as the owner of the note in equity, have brought an action thereon, under the provisions of the Code, in his own name, against the makers of the note, it does not follow that he could obtain judgment by confession on their warrant of attorney attached to the note.”
 

 In
 
 Spence
 
 v.
 
 Emerine,
 
 46 Ohio St., 435, 21 N. E., 866, 15 Am. St. Rep., 634, the syllabus reads in part:
 

 “1. A warrant of attorney to confess judgment should be strictly construed.
 

 ‘ ‘ 2. A warrant of attorney attached to a sealed note payable to the payee or bearer, authorized ‘any attorney at law, at any time after the above sum becomes due, with or without process, to appear for us in any court of record in the state of Ohio, and confess judgment against us, for the amount then due thereon, with interest and costs, and to release all errors and the right of appeal.’
 
 Held,-.
 

 (a) Such warrant of attorney conferred no authority to confess judgment against the maker of the note, in favor of the holder to whom the payee had transferred the note by delivery.”
 

 In the court’s opinion it is said:
 

 “* * * the sealed note now under consideration became negotiable by statute * * *. It is provided by Section 3171 of the Revised Statutes,, that * * * ‘ * * * all such instruments payable to a person or bearer shall be negotiable by delivery.’
 

 “ * * * it is an established principle, that an authority given by warrant of attoniey to confess a judgment against the maker of the note, must be clear and explicit, and strictly pursued, and we cannot supply any supposed omissions of the parties. * *
 
 *
 

 “The plaintiff in error, in executing the note, might be presumed to have authorized an attorney -to enter
 
 *540
 
 up a judgment against him in favor of the payee, when he would not be presumed to have consented to stand in the relation of judgment debtor to a stranger or adverse holder, to whom the payee might indorse or ■deliver the note. The maker might well insist upon a strict construction of the power granted, when the payee, by transferring the note before maturity, might preclude a defense which he might have at maturity. 'The power of attorney attached to the note in controversy, does not, in express language, authorize a ■confession of judgment in favor of any one, not even ■of the payee; but if such authority might be implied as to the payee, we cannot, under the rule of a strict interpretation, extend that implication in favor of the defendant in error to whom the note was transferred by delivery.
 

 “* * * where it has been adjudged by the court that a power of attorney to confess a judgment may be executed in favor of a party other than the payee, it has been in cases where authority was expressly conferred to confess a judgment in favor of a
 
 legal holder
 
 ■or
 
 holder
 
 of the note. The decisions have all been based upon a strict interpretation of the power grant■ed, without aiding any omission or defect in’its terms by liberal intendment or construction.”
 

 Defendant in the instant case relies on
 
 First National Bank of Findlay
 
 v.
 
 Trout,
 
 58 Ohio St., 347, 51 N. E., 27. That case involved a judgment taken by confession against two makers of a note the provisions of which were identical with those of the note in the instant case except that there were immaterial variations in punctuation and the word, “costs,” near the end •of the power of attorney provision in the
 
 Trout case,
 
 is “cost” in the instant case. In the
 
 Trout case
 
 .this •court sustained a judgment rendered by confession pursuant to the power of attorney, and, in the sylla
 
 *541
 
 bus, stated that the note and warrant “should be so interpreted as to give effect to the intention of the parties; and a judgment thereon confessed against the makers is not void for want of jurisdiction of their persons if the terms of the warrant indicate an intention to authorize it, notwithstanding a failure to fill blanks intended to be filled with words giving fuller expression to that intention.”
 

 In the court’s opinion by Shauck, J., it is said:
 

 “Notwithstanding the use of the singular pronoun in the obligatory part of the instrument, it is settled that it is the promise of both makers, their obligation being several as-well as joint.
 
 Wallace
 
 v.
 
 Jewell,
 
 21 Ohio St., 163 [8 Am. Rep., 48]. No reason appears why the use of that number should limit the authority conferred by the warrant any more than the obligation to pay. Nor does any substantial defect in the warrant result from the omission to fill the blanks. By the terms of the instrument the makers of the note are the donors of the power which is conferred. Their relation to the instrument and the use of the copulative conjunction sufficiently indicated the persons against whom judgment should be rendered. The instruments as executed express ellipticallv what would have been ■expressed more fully if the blanks had been filled. The language actually employed in the power suggests ‘we’ and ‘us’ as the only words which could, with propriety, be inserted in the blanks.”
 

 In relying on the
 
 Trout case,
 
 it is obviously necessary for the defendant to contend that the last sentence of the above quotation is obiter.
 

 However, in the instant case, while the blank before the words, “hereby authorize,” might be explained .away by reference to the copulative conjunction and
 
 Wallace
 
 v.
 
 Jewell, supra,
 
 the blank after the word, “against,” presents a more serious problem. It is
 
 *542
 
 relatively easy to assume, as the court in the
 
 Trout case
 
 did, that, where more than one party signs the note and warrant, the word “ ‘us’ * # * could, with propriety, be inserted in ’ ’ that blank. It requires considerable imagination to assume that the words, “any or all of us,” could be inserted 'in that blank. This particular blank is one which cannot be explained by reference only to a copulative conjunction. It can be explained only by reference to the signatures of the four parties who signed the note in the instant case and who would usually refer to themselves as. “us” rather than as “any or all of us.”
 

 At common law, in an action on a joint obligation,, one joint obligor could insist upon joinder of the others.
 
 McArthur
 
 v.
 
 Ladd,
 
 5 Ohio, 514. By reason of Section 11256, General Code, this is still the law..
 
 Columbia Graphophone Co.
 
 v.
 
 Slawson,
 
 100 Ohio St., 473, 126 N. E., 890. If a joint obligor can insist upon joinder of the other joint obligors in an action on the' joint obligation, it would seem obvious that an authority to confess a joint judgment would differ from authority to confess a several judgment. The recognition of that is obviously the basis for the difference between the decisions in
 
 Hoffmaster
 
 v.
 
 McKelvey, supra,
 
 and
 
 Frey
 
 v.
 
 Cleveland Trust Co., supra.
 

 Following by analogy the reasoning of the court in the next to the last paragraph of the quotation from the opinion in
 
 Spence
 
 v.
 
 Emerine, supra,
 
 we come to' the following conclusions:
 

 1. The parties, in executing the note, might be presumed to have authorized an attorney to confess a judgment against them jointly when they would not be-presumed to have authorized the confession of a several judgment against one or more, but not all, of them.
 

 2. The power of attorney involved in the instant-case did not, in express language, authorize a confession of judgment against anyone.
 

 
 *543
 
 3. If authority to confess a joint judgment against those parties who signed might be implied as in the
 
 Trout case,
 
 we cannot under the rule of a strict interpretation extend that implication so as to authorize ■also confession of a several judgment against such parties.
 

 These conclusions are further buttressed by the last part of the above quotation from the opinion in the
 
 Trout case.
 
 It should also be noted that the actual holding in
 
 Wallace
 
 v.
 
 Jewell, supra,
 
 was that the note •created a joint, as well as several, obligation. There was no necessity there of considering whether it also ■created a several obligation. Furthermore, the court stated on page 171 that “the contention in the earlier cases was that such a note was joint only, but we have found no case in which such a note has been declared not to be joint, except,” etc.
 

 Frey
 
 v.
 
 Cleveland Trust Co., supra,
 
 does not support defendant’s position. In that case, the warrant •specifically authorized confession of judgment “against any or all of the undersigned.”
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias and Hart, JJ., concur.
 

 Zimmerman, Stewart and Turner, JJ., dissent.