**ROSEN, Plaintiff, v. ALBERT, Defendant.**

Common Pleas Court, Summit County.

No. 220501. Decided March 16, 1960.

Lee C. Davies, of Alpeter, Reed & Diefenbach, Akron, for plaintiff.
Ben Holub, of Holub & Holub, Akron, for defendant.

## OPINION

By WATTERS, J.

This matter comes before the court upon the motion of the defendant, Sidney L. Albert, without entering his appearance, attacking the jurisdiction of the court (this branch) entering judgment upon a cognovit note, November 20, 1959, in favor of the plaintiff, Carl Rosen.

Defendant claims that the warrant of attorney in said note upon which the judgment was entered is too broad, and, in fact, does not authorize judgment in the State of Ohio.

It is conceded by the plaintiff that if the warrant of attorney is in fact invalid under the laws of Ohio, then said judgment rendered is null and void and of no effect.

Said promissory note executed June 15, 1957, contained the following language as pertains to the warrant of attorney therein:

". . . . In the event of default, I do hereby empower any attorney of any court of record within the United States or elsewhere, to appear for me and after one or more declarations filed, confess judgment against me for the above sum or any unpaid balance thereof with cost of suit including counsel fees."

Just prior to and immediately preceding the above language, at the beginning of the note in question, is as follows:

### PROMISSORY NOTE

June 15, 1957

"On June 15, 1959, I promise to pay to Carl Rosen $140,000 without interest." (Here follows the quotation set forth above, beginning "In the event of default," and ending, "including counsel fees.")

Then follows this language (paragraph 2):

"The maker shall have the right to prepay all or any of the unpaid principal hereof, and the principal shall be prepaid in accordance with a collateral security agreement of even date executed by the maker hereof, the payee, Bernard E. Singer and Albert B. Kahn."

The balance of said note is not material to the issue now before the court, except that it probably should be noted that on the left margin of the note appears this:

"This note is likewise subject to the terms of a supplemental agreement dated 6/14/57."

What this agreement was, is not set forth.

The note was signed, "Sidney L. Albert." Nowhere in the note does the place of execution or delivery appear. No city or state or territory or country appears as the place of execution or delivery or payment or otherwise; nor is the residence of Carl Rosen, the payee, or Sidney L. Albert, the maker, designated anywhere in said note; nor does any of the above appear in evidence.

In the case of **The Kinsman National Bank v. John Jerko et al., 3 Abs 300,** decided in 1925, by the Trumbull County Common Pleas Court, Judge Wilkins, 25 Oh N. P. (N. S.) 445, we find the following: (Note: This case was affirmed in 3 Abs 264, by the Court of Appeals 3/5/1925, and motion to certify overruled by the Supreme Court 5/19/1925.)

"Syllabus (1):

"A warrant of attorney authorizing the confession of a judgment is looked upon with disfavor by the courts, and will be strictly construed in favor of the grantor thereof and against the grantee."

"(2)

"A warrant of attorney to confess judgment annexed to a note executed, delivered, and made payable in the State of Pennsylvania, and which reads:

" 'And we hereby authorize any attorney or prothonatary of Mercer County or any other county in this state or elsewhere to enter and confess judgment against us, etc.,' authorizes the confession of judgment in the courts of the State of Pennsylvania alone, and a judgment entered by confession against the maker of a note to which such warrant of attorney is annexed in the courts of any other state outside the State of Pennsylvania is void for want of jurisdiction."

(As a matter of interest only, see Syllabi 4, 5 and 6.)

The court, on page 449, quotes from **Cushman v. Welsh, 19 Oh St 536,** as follows:

"A warrant of attorney to confess judgment must be strictly construed and the authority thereby conferred cannot be exercised beyond the limits expressed in the instrument."

On page 450 the court discusses the case of Carlin v. Taylor, 75 Tenn. 666, wherein a resident of Tennessee had given a note in Pennsylvania, which empowered "any attorney of record, **within the United States or elsewhere,**" to appear and confess judgment, etc., as in the case at bar. The note there was reduced to judgment on said warrant in **Washington County, Ohio,** and further suit was filed on said judgment (in Ohio) in Tennessee. (See bottom of page 450 for full syllabi.)

In Syllabus (1) the Supreme Court of Tennessee held that such power of or warranty was void for uncertainty.

In Syllabus (2) said court held that it did not have to recognize the judgment taken thereon in Ohio, under the full faith and credit doctrine, in that such warrant of attorney was likewise invalid and void in Ohio.

The said court, on page 451, cites and discusses the case of Davis v. Packer (1894) cited as 8 O. C. C. 107 (also 4 O. C. D. 347):

Syllabus: "The court of common pleas had no jurisdiction to render judgment without notice (i. e. by confession—added) to the defendants, upon a warrant of attorney to confess judgment upon a note and warrant being executed in Illinois, and authorizing the attorney to appear in **'any court of record'** and confess judgment without process." (Emphasis by this court.)

"The terms of such warrant, authorizing, as they appear to do, a confession of judgment, in any court (of record—added) in the world, are too general in their nature, and do not authorize judgment in the State of Ohio."

Also on page 451 and 452 the court, Judge Wilkins, discusses and distinguishes McClure v. Bowles, 5 Ohio Nisi Prius, 327.

In this case, the warrant of attorney annexed to a note, read, "any court of record in the State of Ohio or elsewhere."

In this case, however, the judgment was obtained not "elsewhere," but in the State of Ohio, within the county of the plaintiff's (maker's) residence, and within the county where the note was made.

The court, in said case, as appears from its opinion, as cited on page 451 by Judge Wilkins, states:

"It must needs be said, that the parties contemplated, at least, a confession of judgment in the court of jurisdiction over the place of the maker's residence, when that place is co-incident with the place where the note was made, that the makers so intended must be presumed . . . ."

"I take it that judgment without the state wherein the note was given would be void . . . ."

**In distinguishing the decision of McClure v. Bowles, Judge Wilkins said, second paragraph, page 452:**

"In the latter case the note was made, executed and delivered in the

State of Ohio and reduced to judgment there, and the court held that such judgment was valid, but clearly recognized that the word 'elsewhere' could not confer jurisdiction upon any court outside the State of Ohio."

Counsel for plaintiff lays great stress upon the intention of the parties generally and in this case. Counsel say, "Nothing was said in the instrument pertaining to where the debt was to be paid. However, I believe there could be a reasonable inference that payment was to be made in New York."

Then counsel sets forth many things about the defendant and his operations, all of which is not in evidence before the court and cannot be considered; nor can I presume the note was payable in New York. Counsel says it was given in settlement of a lawsuit in Ohio, so maybe it was prepared by Ohio counsel, none of which is before the court. Ohio counsel should know counsel fees could not be provided for.

However, whoever prepared the note failed to insert the state or county where executed, or delivered, or where payable, or the places of residence of the maker or payee, etc., as pointed out before herein.

Matters outside the note itself and the warranty cannot be considered by the court. The warrant of attorney as set forth supra must be strictly construed against the person in whose favor the judgment is given.

See also on this **Haggard v. Shick, 151 Oh St 535,** and **Lathrem v. Foreman, 168 Oh St 186.**

In the latter case plaintiff had lost the note, but had a copy, and in an ex parte proceeding put on evidence as to the lost original note and the copy thereof, and filed the copy.

The court held that service of summons upon the defendant or his voluntary appearance on the preliminary issue and, of necessity, a trial of said preliminary matters must be had before the court could enter judgment by confession, as the lower court had done. The court held the judgment by confession, as entered, was void.

Upon the authority of the cases set forth and discussed above, and especially in view of the Kinsman Bank v. Jerko case that went up through all our courts, and in view of the failure of the note to show where it was executed, and other matters set out earlier herein, the court holds that the words in the warranty, **"of any court of record within the United States or elsewhere"** are too general in their nature and void for uncertainty, and the judgment by confession entered by this court is void and invalid for want of jurisdiction.

The fact that defendant's counsel admits in his brief that, **"the note was made in New York in a settlement of a claim that arose in New York, and apparently payable in New York,"** does not change or supply the deficiencies of said note as it was when executed June 15, 1957,

If plaintiff so claimed, he would have to have so alleged and asked reformation of said note to comply therewith.

Further, plaintiff would have had to prove said allegations before judgment on said note and could not do it in an ex parte hearing before

the court in the absence of notice, etc., to the defendant and in his absence (and without process). (See **Lathrem v. Foremen, 168 Oh St 186,** discussed earlier herein.)

In conclusion, said note having been executed on June 15, 1957, falls under §2323.13 R. C. (§11597 GC), effective October 1, 1953, when the Revised Code was adopted, and reads the same as former §11597 GC.

A journal entry will be prepared by counsel accordingly, dismissing said action for want of jurisdiction, vacating said judgment, and sustaining the motion of the defendant, with exceptions to the plaintiff.