170 So.2d 99 (1964)
The HENRY BIERCE CO., an Ohio corporation, Appellant,
v.
Herald R. HUNT, Appellee.
No. 64-239.
District Court of Appeal of Florida. Third District.
December 22, 1964.
*100 Paul & Sams, Miami, for appellant.
Herald R. Hunt, in pro. per.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
PER CURIAM.
The appellant seeks review of a final summary judgment for the appellee, whereby the trial court refused to give full faith and credit to a judgment of the Court of Common Pleas in and for Summit County, Ohio. Said foreign judgment was entered pursuant to a confession of judgment on a cognovit note. We hereby affirm the trial court.
It is well-settled that a judgment of a sister State may be attacked on the ground of lack of jurisdiction over the person of the defendant by the court rendering the judgment. See: First National Bank of Cresson, Pa. v. Brown, 119 Fla. 761, 162 So. 142; Markham v. Nisbet, Fla. 1952, 60 So.2d 393. The warrant of attorney, by which the Ohio court purportedly gained jurisdiction over the appellee, provided in part as follows:
* * * * * *
"* * * I hereby authorize any attorney of law to appear in any Court of Record in the United States after the above obligation becomes due and waive the issuing and service of process and confess a judgment against or in favor of the holder hereof for the amount appearing due, * * *".
* * * * * *
Under the law of the State of Ohio, warrants of attorney are strictly construed and may not be exercised beyond the limits of authority contained therein. See: Haggard v. Shick, 151 Ohio St. 535, 86 N.E.2d 785; Lathrem v. Foreman, 168 Ohio St. 186, 151 N.E.2d 905, 68 A.L.R.2d 1151. In the case of Rosen v. Albert, Ohio Com.Pl., 165 N.E.2d 844, which involved a cognovit note containing a warrant of attorney similar to the one involved herein, the court dismissed the action for want of jurisdiction because nowhere in the note did the place of execution or delivery appear, saying: "* * * the court holds that the words in the warranty, `of any court of record within the United States or elsewhere' are too general in their nature and void for uncertainty, and the judgment by confession entered by this court is void and invalid for want of jurisdiction." [Emphasis by the court.] An examination of the note in the case sub judice reveals that nowhere on the face of the note is the place of execution or delivery indicated. Thus, under the holding of Rosen v. Albert, supra, the Ohio court lacked jurisdiction to enter the judgment sought to be enforced and the trial court correctly denied full faith and credit.
*101 The appellant's contention that the Ohio court had jurisdiction over the appellee, by virtue of his personal appearance by filing a motion to vacate the Ohio judgment, is without merit as the appellee's subsequent appearance [in attempting to have the judgment vacated] did not retroactively place him before the court when the original judgment was rendered. See: Hayes v. Kentucky Joint Stock Land Bank of Lexington, 125 Ohio St. 359, 181 N.E. 542; Lathrem v. Foreman, supra.
Based on the foregoing, the final summary judgment appealed is hereby affirmed.
Affirmed.